HILL v. WILLETT et ux.    (No. 3181.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 24, 1926. Rehearing Denied March 4, 1926.)

1. Appeal and error ⬤⟩883—Court's approval of findings of fact by master in chancery, appointed by agreement in law action, will be treated as adoption thereof.

Approval, by court, of findings of fact by master in chancery, appointed by agreement in action at law, for damages, will be treated as an adoption of such findings, in absence of attack on legal value of master's report.

2. Damages ⬤⟩122.

Ordinarily, rental value of building to be constructed is measure of damages for wrongful delay in its construction.

3. Judgment ⬤⟩253(3)—Pleadings, alleging monthly damages for delay in building house, held to support judgment at that rate for period of delay found by master in chancery.

Pleadings, alleging that defendant agreed to build house by certain date, but failed to do so to plaintiff's damage in sum of $60 a month, and that plaintiff had already been so damaged for 8 months, held sufficient to support judgment for $60 a month for 17 months; that being period of delay found by master in chancery, and adopted by court as period, during which they were entitled to damages.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by A. R. Willett and wife against Sam R. Hill. Judgment for plaintiffs, and defendant appeals. Affirmed.

Butler, Price & Maynor, of Tyler, for appellant.

Edwards & Hughes, of Tyler, for appellees.

HODGES, J. The appellee Mrs. Willett, joined by her husband, filed this suit against the appellant to recover damages for the breach of a building contract. It was alleged, in substance, that a contract was made and entered into for the construction of a residence for appellees in the city of Tyler. The consideration, together with additions made after the work began, amounted to the sum of $9,475, the building to be completed on November 15, 1923. The contractor was to furnish all the labor and material needed in the construction of the building. It is claimed that he failed in many detailed particulars to comply with his contract, and had wrongfully delayed the completion of the building. The appellees further alleged that they had paid the contractor the sum of $6,530.70; that in its present condition it would require the sum of $4,500 to complete the building. They ask as damages the difference between the contract price and what it would require to complete the building,

and also ask damages for delay, measured by the rental value of the property, which they allege was $60 per month. The contractor defended upon the ground that he had complied with his contract. He admitted receiving the payment from appellees. By way of cross-bill he pleaded that the value of labor and material put into the building amounted to the sum of $9,944.25, and asked a judgment for the difference between that sum and what he had been paid.

By consent of the parties, and before trial, a master in chancery was appointed, to whom the issues of fact were referred. The master heard the testimony, and made, in substance, the following report: (1) On August 9, 1923, the appellant agreed to construct a residence for appellees in accordance with plans and specifications furnished, in consideration of the sum of $9,475, to be finished November 15, 1923; (2) the appellant did not comply with his contract in the construction of the building, it being still uncompleted; that, notwithstanding the knowledge appellant had of special requirements of construction and finish, equipment, and workmanship required by the contract, he did not even substantially comply with it; (3) that it would require still another month beyond the time of the trial to make the necessary corrections and complete the house; (4) that the appellant has declined to proceed further with the construction of the house, and has withheld possession from the plaintiffs; that he could with proper diligence have completed the house by April 1st; (5) that, by reason of the failure of the appellant to complete the house according to specifications and plans, and as the result of his delay, the appellees had been damaged in the sum of $60 per month from April 1, 1924; that appellees will be deprived of the use of the house until September 1, 1925, being 17 months' delay; (6) that the reasonable rental value of the house, had it been completed in accordance with the plans and specifications, was $60 per month; (7) that the reasonable value to the plaintiffs of the use of their home would have been $60 per month during that period; (8) that appellant furnished labor and material in the construction of the house, including all of the extras, of the reasonable value of $7,500; that appellees had paid him $6,530, and are entitled to damages at the rate of $60 per month for 17 months. He recommends that a judgment be entered in favor of the appellees for the sum of $50.70, and for the possession of the house and premises. The court approved the report and made it the basis of a judgment for the sum suggested. There are no exceptions to the facts found by the master, and there is no statement of facts in the record before us.

[1] This is not an equitable proceeding wherein a master in chancery may be ap-

pointed, but an action at law for damages. But since the appointment and reference was by agreement, and in the absence of any attack upon the legal value of the master's report, we must treat the approval of that report as tantamount to an adoption by the court of the master's findings of fact; otherwise we should be without any facts to be considered in this appeal.

The grounds here urged for a reversal are: (1) That the master erred in concluding that the rental value of the house to be constructed constituted the proper measure of damages resulting from the delay; and (2) that the pleadings did not authorize a recovery of such damages to September 1, 1925.

[2] It will be observed that the master makes two findings as a basis for the damages for the delay: One the rental value of the house; and the other the reasonable value to the plaintiffs of the use of the house. However, it has generally been held that, under ordinary circumstances, the rental value of the building to be constructed is the proper measure of damages for the wrongful delay in its construction. 9 Cor. Jur. 793. But if that is not correct the value of the use to plaintiffs was found to be the same.

It is contended by the appellant that the proper measure of damages would be the expense to which the owners were put for the use of a residence during the period of delay. There is no statement of facts, and hence no evidence showing what that expense was, or that it was less than, $60 per month.

[3] Upon the measure of damages the appellees pleaded as follows:

"That under the terms of said contract said residence and house was to be constructed and wholly completed in accordance with said plans and specifications by the 15th of November, 1923; that although defendant agreed and became bound by the terms of said contract to construct said building and residence * * * and to complete and deliver the same to the plaintiffs by the 15th of November, 1923, defendant has wholly failed and refused, and still fails and refuses, to do so, and has breached said contract in the following particulars: [Then follow a number of specifications in which a breach is claimed]."

Continuing, the petition says:

"Though required by said contract to complete and deliver to plaintiffs said house and residence constructed in accordance to said plans and specifications by said 15th day of November, 1923, defendant wholly failed and refused to do so, but wholly, without reason or excuse under said contract, has deprived plaintiffs of the use of said house since the 15th day of November, 1923, to plaintiffs' damage, in the sum of $60 per month since said 15th day of November, 1923, which amount is a reasonable rent for said house, and a reasonable and actual damage accruing to plaintiffs."

Omitting other averments, the petition continues:

"That in addition thereto plaintiffs have already been damaged in the sum of $480 by defendant's breach of said contract, being 8 months' rent at the rate of $60 per month for said residence; * * * that defendant's breach of said contract has directly and proximately damaged plaintiffs in the sum of $2,183.73."

The petition concluded with a prayer for general relief.

We think these averments were sufficient to support the judgment for damages for the time recommended by the master in chancery and adopted by the court.

The judgment will therefore be affirmed.