Dale E. MULLER et ux., Appellants,

v.

Billy L. LIGHT d/b/a Light Construction Company, Appellee.

No. 12406.

Court of Civil Appeals of Texas, Austin.

June 23, 1976.

Rehearing Denied July 14, 1976.

James R. Sloan, Sloan & Wise, Austin, for appellants.

Jack Ritter, Jr., Austin, for appellee.

PHILLIPS, Justice.

This case involves a number of questions with respect to a contract between the parties hereto to construct a dwelling house for appellants Dale and Lucille Muller.

The appellee, Billy L. Light, doing business as Light Construction Company, brought suit in the district court to recover $11,827.87 from appellants for the cost of the house, for certain extra items, and to foreclose his mechanic's and materialman's lien on the project.

Appellants brought a counterclaim against appellee for delay of completion, defects in construction, and for failure to construct the house according to plans.

In response to jury findings on special issues, the trial court entered judgment for appellee for $10,775.77, granted the foreclosure of the lien, and denied appellants recovery on their counterclaim based on a liquidated damages provision in the contract. Appellants then perfected their appeal to this Court.

Appellants are before us on a number of points of error which, in essence, present three questions.

The first question involves the trial court's overruling appellants' motion for judgment on their cross-claim for $5,700. In this cross-claim appellants seek to recover on the following liquidated damage clause: ". . . time being the essence of this contract, contractor shall pay to the owners or deduct from the total contract price One Hundred and No/100 ($100.00) Dollars per day as liquidated damages for each day after said date that the construction is not completed and accepted by the

Owners and Owners shall not arbitrarily withhold acceptance."

We hold that the trial court was correct in overruling appellants' motion for judgment with respect to their claim for liquidated damages. In *Stewart v. Basey,* 150 Tex. 666, 245 S.W.2d 484 (1952), the Supreme Court held that in order to enforce a liquidated damage clause, the court must find: (1) that the harm caused by the breach is incapable or difficult of estimation, and (2) that the amount of liquidated damages called for is a reasonable forecast of just compensation. The issue of the enforceability of liquidated damages in any given case is one of law for the court to decide. *Bourland v. Huffhines,* 244 S.W. 847 (Tex.Civ.App.1922, writ dism'd); *Schepps v. American District Telegraph Co. of Texas,* 286 S.W.2d 684 (Tex.Civ.App.1955, no writ).

In our judgment the clause in question fails by each standard set out in *Stewart v. Basey, supra.* First, damages for delay in the construction of a building are usually predictable as the rental value of the building during the delay. *Ryan v. Thurmond,* 481 S.W.2d 199 (Tex.Civ.App. 1972, writ ref'd n. r. e.); *Hill v. Willett,* 281 S.W. 1110 (Tex.Civ.App.1926, no writ).

Second, there is no reasonable relationship between appellants' actual damages, that is, the loss of the use of the house during the period of delay, and the amount of damages computed under the liquidated damages provision. Testimony established the rental value of the home at $400–$415 per month. The liquidated damages clause would establish damages of $3,000 per month. Such a disparity leads one to the conclusion that appellants, who drafted the liquidated damages provision, intended the provision to serve as an *in terrorem* device to insure prompt performance by the builder, rather than as a reasonable estimate of actual damages.

The next question presented by this appeal is whether the trial court erred in granting recovery to appellee on the jury's findings which appellants allege, were

based upon no evidence or insufficient evidence.

In this respect, the jury found that appellee built the following features in appellants' home in "substantial compliance of the plans and specifications of the contract": the barbecue pit, the flooring in the garage of the house, the driveway, the front sidewalk, the front porch, the windowsills on the windows, the china cabinet doors in the dining area, the roof of the house, the sliding glass doors opening off the bedrooms, the air conditioning and heating equipment, and the concrete foundation.

The jury found that the appellee had substantially complied with the contract in each of the above mentioned items. The only other inquiries put to the jury were conditioned on a *negative* response to each inquiry on substantial compliance, whereupon the jury was asked whether the defects could be repaired without impairing the building as a whole and, if so, the cost of the repairs necessary to restore the item complained of to a condition which would be in substantial compliance with the agreed plans and specifications. On each item, the jury found that appellee had substantially complied with the contract, and left the following issues unanswered.

■ We note that the manner in which the above mentioned issues were conditioned resulted in the jury failing to find all the elements upon which a plaintiff has the burden of proof under substantial performance as a theory of recovery. See *Atkinson v. Jackson Brothers,* 270 S.W. 848 (Tex. Comm'n App. 1925, holding approved). However, appellants failed to object to the defective submission of special issues at trial, and have failed to assign this ground as error in either their amended motion for new trial or under any point of error in their brief. Under these circumstances, it is basic that the error is waived, and will not be considered on appeal. *St. Louis Southwestern Railway Company v. Gregory,* 387 S.W.2d 27, 29 (Tex.1965), *Holloman v. City of Georgetown,* 526 S.W.2d 682, 686 (Tex.Civ.App.1975, writ ref'd n. r. e.).

The jury's answers to special issues 34 through 37 found that the parties hereto had entered into an oral agreement to add a patio and steps leading therefrom as an addition to appellants' house. The jury then found that the patio and steps were not constructed in a good and workmanlike manner and that it would take $161.50 to restore the patio and steps "in a good and workmanlike manner."

In issues 49 through 52, the jury found that the parties hereto had entered into an oral agreement to construct a retaining wall, that the retaining wall was not constructed in a good and workmanlike manner and that it would take $800 to restore the retaining wall to a condition which would be in a good and workmanlike manner.

The trial court defined "good and workmanlike manner" as the work (that) will be done in the same manner that a person would do it and in a manner generally considered skillful by those capable of judging such work in the community of the performance. See *Westbrook v. Watts,* 268 S.W.2d 694 (Tex.Civ.App.1954, writ ref'd n. r. e.); *Preiss v. Edge,* 57 S.W.2d 883 (Tex. Civ.App.1933, no writ).

■ We cannot agree with appellants' contention that the jury findings that appellee failed to construct the patio and steps and the retaining wall in a good and workmanlike manner preclude any recovery whatsoever for this work. Authorities cited by appellants hold that a builder is precluded from any recovery whatsoever only if his work is worthless to the owner. In the present case the retaining wall and patio, although defective, are of some value to appellants, and appellee is entitled to recover the value of these items, less the amount necessary to repair the items to a good and workmanlike condition. *Badeaux v. Cohen,* 437 S.W.2d 310 (Tex.Civ.App.1969, no writ); *Rogowicz v. Taylor and Gray, Inc.,* 498 S.W.2d 352 (Tex.Civ.App.1973, writ ref'd n. r. e.).

We also overrule appellants' no evidence and insufficient evidence points pertaining to the jury answers to special issues 53 and

54. The jury found that thirteen items of extra work had been orally agreed to between appellants and appellee, and awarded appellee $3,083.87 as the reasonable value of the materials and labor expended in construction of those items.

Only appellee testified as to the fair value of the labor and materials involved in the extra work. Though he was unable to provide bills or records of his costs for materials and labor, such testimony raised fact issues as to the fair and reasonable value of the labor and materials. *Dyer v. Sterett,* 248 S.W.2d 234 (Tex.Civ.App.1952, no writ). The jury, as trier of fact, chose to believe appellee and resolved these fact issues in his favor. Appellants' points of error are overruled.

We affirm the judgment of the trial court.

Affirmed.