Phyllis Ansley GRIFFIN, Appellant,

v.

Ed EAKIN, d/b/a Eakin Publication, Appellee.

No. 13633.

Court of Appeals of Texas, Austin.

June 29, 1983.

Rehearing Denied Sept. 7, 1983.

James M. Stewart, Burford & Ryburn, Dallas, for appellant.

Clayton E. Evans, Burnet, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

This is a suit on a written contract calling for the printing or publication of a book. Appellant, Phyllis Ansley Griffin, sued appellee, Edward M. Eakin, alleging that he had failed, in breach of his implied warranty, to print in a good and workmanlike manner a book authored by her. Griffin also contended that Eakin was negligent in failing to maintain proper measures of quality control.

Eakin answered and filed a counter-claim for the amount he said was owed him under the contract. The case was tried before a jury and submitted upon six special issues. Based upon jury answers thereto, the trial court rendered judgment that Griffin take nothing and that Eakin recover actual damages, attorneys fees, and interest.

Griffin appeals bringing seven points of error. For reasons which will be explained below, we will affirm the trial court's judgment.

In the winter of 1809, seventy-one-year old Thomas Ansley died in Warren County, Georgia. One hundred and sixty-nine years later, in 1978, his great-great-great-great granddaughter, Phyllis Ansley Griffin, compiled a 508-page book that records, in some detail, a history of the descendants of Thomas Ansley. Seeking to sell the book, Griffin as "Author" and Eakin as "Publisher" signed a "memorandum agreement" in which "the publisher agree[d] to publish a book for the Author" in accordance with certain enumerated specifications. Griffin agreed to pay twenty-five percent of the "cost of the book" immediately, the balance being due upon delivery of the completed product. However, Griffin became dissatisfied with the quality of Eakin's performance and filed the above-described lawsuit.

In her first point of error, Griffin assigns error in the trial court's refusal to submit a "requested special issue" on negligence. The "requested special issue" to which she refers is set out below.[1] Griffin argues that negligence was pleaded and raised by the evidence.

Texas R.Civ.P.Ann. 279 (1977) provides, in relevant part:

[w]here the court has fairly submitted the controlling issues raised by [the] pleading[s] and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue. Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment. . . .

Griffin's requested special issue contains a reference to negligence, "as that term is defined herein." Yet, no definition of neg-

---

**1.** Do you find from a preponderance of the evidence that in the printing of the Plaintiff's book, Ed Eakin (a) failed to maintain proper measures of quality control over the finished product ~~(b) failed to properly and adequately align the margins of the book (c) failed to hire a qualified printer or failed to properly supervise the printer which he had~~ Answer "Yes" or "No" ~~on each line in Column 1.~~ If ~~any of~~ the answers ~~made in Column 1~~ is "Yes" then Do

you find from a preponderance of the evidence that such act or omission was negligence, as that term is defined herein? Answer "Yes" or "No" ~~on the corresponding line in column 2.~~ If ~~any of~~ the answers made in ~~column 2~~ is "Yes" then do you find from a preponderance of the evidence that such act or omission was a proximate cause of any damage to the Plaintiff, Phyllis Griffin? Answer "Yes" or "No" ~~on the corresponding line in Column 3.~~

ligence was ever tendered to the court in writing. Moreover, although the issue referred to the defendant's act or omission, asked whether that was negligence, and asked whether that act or omission was a proximate cause of Griffin's injuries, no damage issue based on a negligence theory was ever requested in writing and refused by the court.

■ Griffin's failure to define the legal term "negligence," although reference to such a definition was made in the requested special issue, could have had no effect except that of confusing the jury. A party cannot be considered to have tendered a requested special issue in substantially correct form when the issue refers to a legal term as "defined herein" yet fails to include a definition of that term. *Holland v. Lesesne,* 350 S.W.2d 859, 863 (Tex.Civ.App. 1961, writ ref'd n.r.e.); *Anderson v. Broome,* 233 S.W.2d 901, 906 (Tex.Civ.App. 1950, no writ); *Great Atlantic & Pacific Tea Co. v. Garner,* 170 S.W.2d 502, 504 (Tex.Civ.App.1943, writ ref'd w.o.m.). Accordingly, no error is shown by the court's refusal of the issue.

■ Moreover, the controlling issue under Griffin's theory, whether founded upon contract or negligence, was whether Eakin performed in a good and workmanlike manner. Consequently, the issue the trial court refused was essentially evidentiary and was properly denied.

■ The court's action was not error for a third reason. The only damage issue submitted to the jury was in connection with a contract theory of recovery. Accordingly, Griffin's negligence theory could not have been a basis for recovery, even assuming favorable answers from the jury, because of her failure to request a separate damage issue. *Crain v. West Texas Utilities Co.,* 218 S.W.2d 512, 514 (Tex.Civ.App.1949, writ ref'd n.r.e.). If the damages sought under this theory were identical to those sought under the contract theory, the provisions of Rule 279 precluding submission of various phases or different shades of the same issue would justify the court's refusal to submit

Griffin's requested special issue. *Sell v. C.B. Smith Volkswagen, Inc.,* 611 S.W.2d 897, 903 (Tex.Civ.App.1981, writ ref'd n.r. e.); *Winandy Greenhouse Construction, Inc. v. Graham Wholesale Floral, Inc.,* 456 S.W.2d 470, 475 (Tex.Civ.App.1970, no writ) ("none of the specially requested issues were controlling and ultimate issues. The case was grounded in contract in the several aspects to which the issues had relation, whether expressly stated therein or necessarily implied."). Griffin's first point of error is overruled.

■ By point of error two, Griffin complains of the trial court's refusal to submit her requested definition of "good and workmanlike manner." The court actually submitted the following definition:

"good and workmanlike manner" is the manner in which an ordinarily prudent person *engaged in similar work* would have performed under similar circumstances. [emphasis supplied]

At trial, the parties disagreed over whether *the contract they had signed called for the* performance of *printing* services or *publishing* services. Griffin argues that *printing* services were all that had been contemplated—notwithstanding that the parties were denominated "publisher" and "author" and further disregarding the fact that in her original petition she alleged that Eakin's obligation was to *"print and publish* a book which was authored by [Griffin]."

The instruction that Griffin requested, and which the court denied, read as follows:

good and workmanlike manner as that term is used herein means that the same shall be done *as a person skilled in the printing business* should do it—in a manner generally considered skillful by those capable of Judging such work in the Community of the performance. [emphasis supplied]

This Court has previously approved a definition of "good and workmanlike manner" which read:

work that will be done *in the same manner that a person would do it* and in a manner generally considered skillful by those capable of judging such work in the

community of the performance. [emphasis supplied]

*Muller v. Light,* 538 S.W.2d 487, 489 (Tex. Civ.App.1976, writ ref'd n.r.e.). Given the trial court's considerable discretion in determining what explanatory instructions are proper in the submission of its charge, *French v. Brodsky,* 521 S.W.2d 670, 681 (Tex.Civ.App.1975, writ ref'd n.r.e.), and the uncertain state of the evidence concerning whether the parties entered into a printing or a publishing contract, we cannot say that the trial court abused its discretion in denying Griffin's requested instruction. *See Westbrook v. Watts,* 268 S.W.2d 694, 698 (Tex.Civ.App.1954, writ ref'd n.r.e.). This point of error is overruled.

In her next point of error, Griffin argues that the court erred in overruling her motion for new trial which alleged that the jury improperly discussed the effect of their answers to special issues and considered matters not included in the evidence.

At the trial court's hearing on the motion, Griffin called Jerry Crain, one of two jurors who dissented from the majority's answers to the special issues. Juror Crain testified that the jurors were trying to compromise the verdict in order to be fair to both parties; that a note was sent to the judge which asked if the jury could specify how the damages should be apportioned; that the judge instructed them to answer the questions in the charge; and that, during those discussions, the jurors considered relief that was not included in the special issues. On cross examination, this juror admitted, however, that once the judge's note was received, the jurors thereafter refrained from discussing any relief other than that specified in the charge. The trial court expressly found that the actions of the jury did not amount to jury misconduct.

■ We begin our analysis of this point with the observation that the affidavit attached to Griffin's motion for new trial was signed by an attorney—not a juror. As such, the affidavit is necessarily based on hearsay and need not be considered by this Court. *Tenngasco Gas Gathering Co. v. Fischer,* 624 S.W.2d 301, 305 (Tex.App.1981,

writ ref'd n.r.e.). Further, in light of the failure of Griffin's motion to disclose a reasonable explanation why juror affidavits could not have been secured and exhibited, the court would not have abused its discretion had it refused to hear juror Crain's testimony at the hearing on the motion for new trial. *Cortez v. Medical Protective Co. of Ft. Wayne,* 560 S.W.2d 132, 138 (Tex.Civ. App.1977, writ ref'd n.r.e.). The practice of filing affidavits alleging jury misconduct that are signed by attorneys for the parties is to be strongly discouraged.

■ Since the court did in fact hold a hearing on the issue, however, we will squarely hold that it did not abuse its discretion in overruling Griffin's motion for new trial.

■ A party seeking a new trial based on jury misconduct must establish: (1) that an overt act of misconduct occurred; (2) that it was material; and (3) that, based on the record as a whole, the misconduct probably resulted in harm to him. *Flores v. Dosher,* 622 S.W.2d 573, 574 (Tex.1981); *Strange v. Treasure City,* 608 S.W.2d 604, 606 (Tex. 1980). Moreover, it is impermissible to probe the mental processes of jurors in order to establish the fact of misconduct. *Whited v. Powell,* 155 Tex. 210, 285 S.W.2d 364, 367 (1956). The trial court found as a matter of fact that the jury considered only the court's charge. We hold that under such circumstances there is no misconduct. *See Akers v. Epperson,* 141 Tex. 189, 171 S.W.2d 483, 486 (1943). Griffin's third point of error is overruled.

Point of error four assigns error in the trial court's overruling of Griffin's motion to disregard the jury's answer to special issue No. 1 because the answer was "against the greater weight and preponderance of the evidence" and was affirmatively proved to the contrary as a matter of law. The special issue, and the jury's response thereto, reads as follows:

Do you find from a preponderance of the evidence that the Defendant, Ed Eakin, did not perform his duties and obligations

under the contract of November, 1978, in a good and workmanlike manner?

Answer: "He did not" or "He did."

We, the jury, answer: <u>He did</u>

Superficially, the jury's answer appears to be a finding that the defendant did perform in a good and workmanlike manner. A closer examination reveals, however, that the only question asked by the court was, in essence, "did the plaintiff prove to you by a preponderance of the evidence that the defendant did not perform in a good and workmanlike manner?" Viewed in this light, then, the jury's response was a negative one. The answer cannot be considered to be an affirmative finding of legal significance because the jury was not asked to make a positive determination subject to any standard or burden of proof.

■ Ironically, then, the answer "He did" had the legal effect of a negative response upon which the plaintiff had the burden of proof. A negative answer to a special issue, when properly interpreted, amounts to nothing more than a failure or a refusal by the jury to find (from a preponderance of the evidence) the facts sought to be carried by the proponent. *Ergon, Inc. v. Dean,* 649 S.W.2d 772 (Tex.App.1983, no writ). This means, in law, that Griffin simply failed to sustain her burden of proving facts necessary to her theory of recovery. *C & R Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194–95 (Tex.1966); *Ergon, Inc. v. Dean, supra.* In situations such as this, the jury's negative answer need not be supported by affirmative evidence; it avails the party with the burden nothing to assert that a negative answer is without support in the evidence. *Ergon, Inc. v. Dean, supra; Smith v. Safeway Stores, Inc.,* 433 S.W.2d 217, 219 (Tex.Civ.App.1968, writ ref'd n.r. e.). Under these circumstances, the proponent is placed in the position of having to contend that the evidence establishes his theory as a matter of law. *Visage v. Marshall,* 632 S.W.2d 667, 669 (Tex.App.1982, writ ref'd n.r.e.); *Smith v. Safeway Stores, Inc., supra;* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Errors,* 38 Tex.L.Rev. 361, 364 (1960) ("In this situa-

tion it would be much better to forget the words 'no evidence' and assert in the point of error, as well as in the basic procedural steps in the trial court, that the evidence establishes conclusively, or as a matter of law, that the act was committed.").

A point of error asserting that facts have been established conclusively or as a matter of law is a hybrid or "spurious" no evidence point. Hatchell & Calvert, *Some Problems of Supreme Court Review,* 6 St. Mary's L.J. 303, 323 (1974). Therefore, it is classified as a question of legal sufficiency and the real complaint is that, as a matter of law, the evidence presents no fact question for the jury's determination. *Cleaver v. Dresser Industries,* 570 S.W.2d 479, 484 (Tex.Civ.App.1978, writ ref'd n.r.e.).

In this appeal, the evidence could hardly be classified as conclusive in any respect. A well-qualified printer testified for Griffin that Eakin did not print the book in a good and workmanlike manner. Griffin's testimony was to the same effect.

A contrary position was taken by Eakin's witness, an expert qualified in the publishing business. Further, Eakin offered his own opinion that he did perform his duties under the contract in a good and workmanlike manner. Finally, a number of the actual books, around which this controversy centers, were introduced into evidence by both parties for the jury to examine. This fact alone seems sufficient to allow the jury's answer to stand, without regard to which party the decision favored.

■ The jury is the exclusive judge of the credibility of witnesses and the weight to be attached to their testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 796–97 (1951); *Novy v. Employers Cas. Co.,* 536 S.W.2d 101, 104 (Tex.Civ.App.1976, writ ref'd. n.r.e.). Moreover, it is in the province of the jury to resolve conflicts and inconsistencies in the testimony of a witness or between witnesses. *Biggers v. Continental Bus System, Inc.,* 157 Tex. 351, 303 S.W.2d 359, 365 (1957).

■ We hold that the evidence did not conclusively establish that Eakin's perform-

ance was not in a good and workmanlike manner. This being true, the trial court did not err in overruling Griffin's motion to disregard special issue No. 1. This point of error is overruled.

■ Griffin's fifth point of error urges that the evidence is legally and factually insufficient to support the jury's damage award on Eakin's counter-claim. In deciding this "no evidence" point, we will consider only the evidence which, viewed in the light most favorable to the verdict, tends to support the jury's determination and will disregard all evidence leading to a contrary conclusion. *Burk Royalty Co. v. Walls,* 616 S.W.2d 911, 915 (Tex.1981); *Montgomery Ward and Co. v. Marvin Riggs Co.,* 584 S.W.2d 863, 865 (Tex.Civ.App.1979, writ ref'd n.r.e.).

■ After reviewing the record, we have determined that the jury reasonably could have been persuaded by the evidence that Eakin was obligated initially to print 1,000 books at a cost of thirty-one dollars per page and that Eakin was obligated to bind 500 of those books at a cost of $2.30 per page. Based upon these figures, Eakin testified that the charge for these services totalled $16,898.00. It is undisputed by the parties that Griffin had previously paid $6,500.00 to Eakin. Consequently, there is evidence from which the jury could have concluded that Griffin owed an outstanding balance of $10,398.00.

Griffin's factual insufficiency allegation requires us to view all the evidence that supports the verdict as well as that which does not support it. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Viewed in this light, the verdict will be set aside only if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Calvert, supra* at 365–68.

We have examined the evidence supporting the jury's award of damages and compared it with the evidence that does not support that answer. We are unable to conclude that the jury's determination is so against the great weight and preponder-

ance of the evidence as to be manifestly unjust. This point of error is overruled.

■ At the conclusion of trial, Eakin's counsel vigorously argued his theory of the case: that Griffin was an inexperienced author who, having misjudged the size of her market, was now trying to avoid paying for books that she could not sell. Griffin now contends that this argument is supported neither by pleadings nor evidence. Significantly, however, she failed to make a single objection to the argument—on this basis or on any other; neither did she press for an instruction to disregard the argument. Accordingly, any complaint has been waived. *Standard Fire Ins. Co. v. Reese,* 584 S.W.2d 835, 840–41 (Tex.1979).

■ Griffin maintains that this argument was so inflammatory as to constitute reversible error regardless of her failure to object. At one time, this was the rule followed by the courts in Texas. *See Ramirez v. Acker,* 134 Tex. 647, 138 S.W.2d 1054, 1055 (1940); Cox, *Errors in Jury Argument,* 6 Tex.B.J. 536 (citing a wealth of authorities). We question the validity of this rule after *Standard Fire Ins. Co. v. Reese, supra.* However, we note that, even under the prior rule, Eakin's argument was a reasonable deduction from the evidence and was not error. This point of error is overruled.

Finally, Griffin invokes the venerable doctrine of cumulative error, maintaining that, even if the foregoing points of error do not rise individually to the level of reversible error, when considered together the errors asserted therein probably did cause the rendition of an improper verdict. *See Southern Pacific Co. v. Hubbard,* 156 Tex. 525, 297 S.W.2d 120, 125 (1956); *Sproles Motor Freight Lines, Inc. v. Long,* 140 Tex. 494, 168 S.W.2d 642, 644–45 (1943).

We have held that the points complained of did not constitute error—reversible or otherwise. Consequently, we overrule this final point of error.

The trial court's judgment is affirmed.