Aaron HICKEY and Robert Banks, Independent Administrator of the Estate of Rosa Lee Naylor, Appellants,

v.

Mary JOHNSON, Appellee.

No. B14–83–569CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 3, 1984.

Jack Jones, Busby & Wilson, Temple, for appellants.

James W. Bradford, Jr., Angleton, for appellee.

PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an equitable adoption case in which appellee Mary Johnson sought to have the court declare that she was an adopted daughter and the only heir at law of Rosa Lee Naylor.

The appellee, Mary Johnson was born in 1925, the daughter of Lucy Ewings. Approximately three years later, Lucy Ewings, then a widow, died leaving her daughter to be raised and cared for by Rosa Lee Naylor, her aunt. On August 6, 1982, Rosa Lee Naylor died intestate. Application to Determine Heirship was filed in Cause Number 13,971 by Mary Johnson. Mary Johnson alleges in her petition, that

she should be allowed to inherit all of the estate of Rosa Lee Naylor, who died leaving no surviving husband or lineal descendants, claiming that she had been adopted by estoppel by Rosa Naylor. Trial was held in the County Court of Brazoria County, Texas and a jury verdict was rendered for appellee. After overruling appellants' motion for judgment Non Obstante Verdicto, the court entered judgment holding that appellee is the daughter of Rosa Lee Naylor and the sole heir of her estate. We affirm.

Appellants bring four points of error on appeal. Appellants contend that the trial court erred in failing to grant appellants' motion for instructed verdict and for Judgement Non Obstante Veredicto because there was no evidence that would support the jury's finding that there was an agreement with appellee's mother that Rosa Lee Naylor would adopt appellee. Appellants argue that the trial court also erred in refusing to instruct the jury regarding oral agreements to adopt a child and in refusing to instruct the jury that acts of human kindness referable to an undertaking to rear and educate a child do not prove an agreement to adopt, as was requested by appellants.

■■■ An agreement to adopt is a necessary element of adoption by estoppel. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972 (Tex.1951). The existence of such an agreement may be proved by the acts, conduct and admissions of the parties and other relevant facts and circumstances. *Cavanaugh v. Davis, supra.*

■■■ In their first ground of error, appellants contend that the trial court erred in failing to grant appellants' motion for instructed verdict because there was no evidence that there was an agreement to adopt. "No evidence" is a question of law and a jury verdict must be sustained if supported by more than a scintilla of evidence. *Burney v. Ibarra,* 415 S.W.2d 517 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.); *Royal Indemnity Co. v. Little Joe's Catfish Inn, Inc.,* 636 S.W.2d 530 (Tex.Civ.App.—San Antonio 1982). With

this in mind, we consider only that evidence which might support the existence of an agreement to adopt as set out in the testimony. The record indicates that there was an agreement between appellee's natural mother and Rosa Lee Naylor that Rosa would take appellee and raise her as her own. The testimony of appellee was sustained by her aunt, Eliza Burrell who testified that Rosa Naylor told her that she had agreed with appellee's dying mother "to take the child and raise her as her own." Moreover, appellee was designated on Rosa Naylor's income tax returns a "daughter" and as an "adopted daughter." We hold that appellee did establish by the acts and conduct of the parties the logical inference that an agreement did in fact exist. Because of our disposition of appellants' point of error number one, we need not consider point of error number two.

■■■ Appellants' third and fourth points of error concern the trial court's refusal to include certain jury instructions. The following instructions were requested in writing and tendered to the trial court:

> You are instructed that oral agreements to adopt a child are to be regarded with great suspicion when sought to be enforced after the death of an alleged adoptive parent and are to be subjected to close scrutiny.

> Acts of human kindness referable to an undertaking to rear and educate a child do not prove an agreement to adopt.

The trial court is directed by Rule 277 to submit "such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict...." The trial court is given considerable discretion in submitting instructions to the jury. *McCane Sondock Detective Agency v. Penland Distributors,* 523 S.W.2d 62 (Tex.Civ. App.–Houston [14th Dist.] 1975, no writ); *see* TEX.R.CIV.P. 277. Appellant has not indicated to the court that the denial of the appellants' requested instructions has been an abuse of that discretion. In fact, each instruction would have been an unwarranted comment on the weight of the evidence.

Each of the appellants' points of error has been considered and overruled.