Elvira MORENO, Appellant,

v.

ACE TRANSPORTATION, INC. and James E. Jones, Appellees.

No. 01–90–00774–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 27, 1991.

Rehearing Overruled July 25, 1991.

Michael P. Mallia, Scott S. Vasquez, Houston, for appellant.

John P. Venzke, M. David Frock, Michael Farrow, and Edward Patterson, Houston, for appellees.

Before COHEN, MIRABAL and HUGHES, JJ.

## OPINION

COHEN, Justice.

Moreno sued Ace and Jones for personal injury damages, alleging that their gross negligence caused her to collide with an 18–wheel tractor-trailer driven by Jones while he was employed by Ace. A jury found $7,000,000 in damages, but found only Moreno's negligence caused the collision. The trial court rendered a take-nothing judgment against Moreno.

Moreno contends that jury question one erroneously required the jury to decide whether *both* defendants were negligent and gave the jury no option to find that only one defendant was negligent. She contends this deprived her of a chance for a favorable verdict because if Jones drove negligently, Ace was vicariously responsible under the doctrine of respondeat superior, even if Ace was not negligent.

Question one asked:

Did the negligence, if any, of the persons named below proximately cause the occurrence in question?

Answer 'Yes' or 'No' for each of the following:

a. James Errol Jones & Ace Transportation, Inc. ___

b. Elvira Moreno ___

The jury answered "yes" by Moreno and left the other line blank.

Moreno objected to joining Jones and Ace and submitted a question with each of the three parties as a separate choice, which the trial court refused.

■ Moreno pled and produced evidence of different causes of action against Jones and Ace. She alleged Jones was guilty of ordinary and gross negligence because he drove poorly. If the jury had found Jones negligent, Ace would have also been liable because it was stipulated that Jones was acting in the course and scope of employment. The jury, of course, was not instructed on the effect of the doctrine of respondeat superior because that is a legal issue for the court. Thus, even if the jury believed that Jones drove negligently, it could not find against Jones, under the phrasing of question one, unless it also found that Ace was negligent. This increased Moreno's burden of proof beyond that required by law and deprived her of a chance for a favorable verdict on her claim against Jones. It required the jury to exonerate Jones, even if it found him responsible, unless Ace was also negligent.

■ Moreno also alleged that Ace negligently caused the accident by putting a truck on the road with inadequate rear view mirrors. If the jury agreed, Ace, alone, could have been liable. Thus, even if the jury believed Ace caused the accident by negligently equipping the truck, it could not find against Ace unless it also found that Jones' poor driving was responsible. Under question one, Ace would be exonerated, although negligent, if Jones exercised ordinary care.

■ Ace contends question one caused no harm because if Jones drove negligently, Ace was also liable, as a matter of law, because Ace stipulated that Jones drove in the course and scope of his employment. We disagree. This is a correct statement of the law, but it does not control this case. The jury was not told of this rule of law. It was simply told to decide if both defendants were negligent. It was told to answer question one as the evidence required and *not* to decide who should win and then try to answer accordingly. See approved instruction III following Tex.R.Civ.P. 226a. The fact that Ace would have been automatically liable for Jones' negligent driving is not a reason to consider Ace's negligence together with Jones'; on the contrary, that fact makes Jones' negligence determinative of Ace's liability and makes Ace's negligence irrelevant, a compelling reason to separate the question.

■ Requiring the jury to find both defendants or none negligent was harmful error. *Rathmell v. Morrison,* 732 S.W.2d 6, 11–12 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Warren v. Denison,* 563 S.W.2d 299, 302–05 (Tex.Civ.App.—Amarillo 1978, no writ); *Parker v. Keyser,* 540 S.W.2d 827, 830–31 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Bagley v. Pollock,* 19 S.W.2d 193, 196 (Tex.Civ.App.—Amarillo 1929, no writ); Tex.R.App.P. 81(b)(1).

Appellees contend the error was waived because Moreno did not propose an issue in substantially correct wording, as required by Tex.R.Civ.P. 278. Again, we disagree.

Moreno's requested issue provided:

Did the negligence, if any, of the persons named below proximately cause the occurrence in question? Answer 'Yes' or 'No' for each of the following:

a. James Errol [sic] Jones ____
b. Ace Transportation ____
c. Elvira Moreno ____

Appellees contend the issue was not substantially correct because it did not have the following instructions.

"As to Ace Transportation Company, 'negligence' means its failure, if any, to adequately train or supervise its employee James Earl Jones. Such negligence is a proximate cause of a collision if the negligence of the driver to whom the vehicle was entrusted is a proximate cause of the collision."

This instruction was not required because Moreno also alleged Ace was negligent because of inadequate mirrors. Moreover, the trial court has broad discretion in deciding whether to submit an instruction. *Hickey v. Johnson,* 672 S.W.2d 33, 34 (Tex.App.—Houston [14th Dist.] 1984, no writ). This failure to do so is rarely reversible error, and Ace cites no authority showing that failure to give this particular instruction is reversible error.

Appellees rely on *Griffin v. Eakin,* 656 S.W.2d 187, 189–90 (Tex.App.—Austin 1983, writ ref'd n.r.e.). The requested issue in *Griffin* was not "substantially correct" because it referred to "negligence, as that term is defined herein," but it never defined the term "negligence." Moreno's

proposed question does not have that defect. Also, *Sherwin–Williams Paint Co. v. Card,* 449 S.W.2d 317 (Tex.Civ.App.—San Antonio 1970, no writ), is distinguishable. There, the defendant submitted an erroneous definition of unavoidable accident. 449 S.W.2d at 322. Moreno did not submit any erroneous definitions. Nor does *Placencio v. Allied Indus. Int'l Inc.,* 724 S.W.2d 20 (Tex.1987), control. The reference there to "misuse" of a product as causing an accident was a comment on the weight of the evidence. 724 S.W.2d at 21. Moreno's proposed issue does not comment on the weight of the evidence.

A proposed question need not be perfect; it is sufficient if it is not "affirmatively incorrect." *Placencio,* 724 S.W.2d at 21. Moreno's issue meets this test.

Point of error one is sustained.

The judgment is reversed, and the cause is remanded.