salazar 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-328-CV





DORA L. SALAZAR, M.D.,



 APPELLANT


vs.





TAI WONG, M.D.; JAE YANG, M.D.; WILLIAM HEETH, M.D.;


AND DARRELL WILBURN, M.D.,



 APPELLEES



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 91-2233, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING


 



 Appellant Dora Salazar, M.D., appeals from a take-nothing judgment rendered
against her in her libel suit against appellees Darrell Wilburn, M.D., Tai Wong, M.D., Jae Yang,
M.D., and William Heeth, M.D. (collectively, "the Doctors"). In two points of error, Dr.
Salazar complains that (1) the trial court erroneously refused to submit a jury instruction
concerning the burden to prove the affirmative defense of truth in a libel case, and (2) the
evidence was factually insufficient to support the jury's findings, or, in the alternative, that the
jury's findings were against the great weight and preponderance of the evidence. We will affirm
the trial court's judgment.



BACKGROUND


 Dr. Salazar was medical director at the Travis State School and responsible for
supervising the Doctors. The Doctors wrote a letter to the superintendent of the school, Dr.
Salazar's supervisor, complaining of Dr. Salazar's performance as a physician and as medical
director. The letter accused Dr. Salazar, among other things, of mismanagement and poor
communication with the staff; falsification of her compensatory time records (specifically, saying
she worked on Confederate Heroes' Day when she did not); mismanagement of state funds;
unprofessional conduct; poor medical judgment; and emotional instability. Dr. Salazar sued the
Doctors for libel, and the Doctors asserted the affirmative defense of truth.

 After trial, the court instructed the jury in its charge that it should:



9. Answer "Yes" or "No" to all questions. A "Yes" answer must be based upon
a preponderance of the evidence. If you do not find that a preponderance of
the evidence supports a "Yes" answer, then answer "No." 



The first question the trial court submitted to the jury asked:



Was the letter substantially true? (1)


You are instructed that "substantially true" means the important words or
statements are true; it is not necessary that trivial or insignificant words or
statements be true.


Answer "Yes" or "No."



The jury answered this question "yes." Dr. Salazar requested the following instruction also be 

submitted to the jury, which the trial court refused: 



Defendants have pleaded the defense of truth which, if established, is a complete
bar to Plaintiff's defamation action, even if Defendants published the letter with
malice. Defendants have the burden of proving truth by a preponderance of the
evidence.



 The trial court rendered judgment on the jury's verdict that Dr. Salazar take nothing. Dr.
Salazar filed a motion for new trial, which was overruled by operation of law. See Tex. R. Civ.
P. 329b(c). Dr. Salazar appeals.



DISCUSSION AND HOLDING


 In her first point of error, Dr. Salazar complains that the trial court erred in
refusing to submit her requested jury instruction on the burden of proof. Dr. Salazar contends
that by refusing this instruction, the trial court failed to place the burden of proof on the Doctors
to prove the truth of their letter. She speculates that, as a result, the jury may have placed the
burden on Dr. Salazar to prove the falsity of the letter. Dr. Salazar further argues that because
the parties introduced so little evidence on the "comp time" issue, the jury's answer to the first
question would vary depending on who the jury thought had the burden of proof on the issue; in
other words, she argues that the only reason the jury answered "yes" to the first question was
because the jury believed Salazar was required to prove the letter untrue by a preponderance of
the evidence. 

 The standard of review for determining whether a trial court properly instructed
a jury is "that an error on instructing or failing to instruct must have caused, or can be reasonably
calculated to have caused, the rendition of an improper verdict." Harris County v. Dillard, 841
S.W.2d 552, 555 (Tex. App.--Houston [1st Dist.] 1992), rev'd on other grounds, 37 Tex. Sup.
Ct. J. 324 (January 5, 1994); see Gulf Coast State Bank v. Emenhiser, 562 S.W.2d 449, 453-54
(Tex. 1978); Winkle Chevy-Olds-Pontiac v. Condon, 830 S.W.2d 740, 747 (Tex. App.--Corpus
Christi 1992, writ dism'd). The trial court has broad discretion in deciding whether to submit an
instruction. Moreno v. ACE Transp., Inc. 813 S.W.2d 597, 599 (Tex. App.--Houston [1st Dist.]
1991, writ denied). 

 We conclude the trial court did not err in refusing to submit Dr. Salazar's requested
instruction on the burden of proof. We fail to see how question number one, when read in
conjunction with instruction number nine, misplaced the burden of proof. See Turk v. Robles, 810
S.W.2d 755, 759 (Tex. App.--Houston [1st Dist.] 1991, writ denied) ("In order to place the burden
of proof properly, the charge must be worded so that an affirmative answer indicates that the party
with the burden of persuasion on that fact established the fact by a preponderance of the
evidence."). Dr. Salazar asks us to assume that despite the trial court's instruction to answer
question number one "yes" only if it was proven by a preponderance of the evidence, the jury
instead answered "yes" because the question was not disproved by a preponderance of the
evidence. We decline to do so. This Court will assume that the jury properly followed the trial
court's instructions. (2) Turner, Collie & Braden, Inc. v. Brookhollow, Inc., 642 S.W.2d 160, 167
(Tex. 1982); Mandell v. Hamman Oil & Ref. Co., 822 S.W.2d 153, 159 (Tex. App.--Houston [1st
Dist.] 1991, writ denied).

 At oral argument in this Court, counsel for Dr. Salazar conceded that the court's
charge properly placed the burden to prove the letter substantially true as inquired in question
number one. Counsel nevertheless argued that the denial of the requested instruction constituted
reversible error. We disagree. If the court's charge properly placed the burden of proof, we fail
to see how the trial court erred in refusing to submit a second instruction on the burden of proof. 
Dr. Salazar's first point of error is overruled.

 In her second point of error, Dr. Salazar complains the trial court erred in
rendering judgment against her based on the jury's affirmative answer to question number one
because the evidence was factually insufficient to support the verdict. When reviewing a jury
verdict to determine the factual sufficiency of the evidence, we must consider and weigh all the
evidence and should set aside the judgment only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor Co.,
715 S.W.2d 629 (Tex. 1986). See generally William Powers, Jr. & Jack Ratliff, Another Look
at "No Evidence" and "Insufficient Evidence", 69 Tex. L. Rev. 515 (1991). The reviewing court
may not substitute its findings for those of the trier of fact merely because it would have reached
a different fact conclusion. Otis Elevator Co. v. Joseph, 749 S.W.2d 920, 923 (Tex.
App.--Houston [1st Dist.] 1988, no writ).

 Dr. Salazar's point of error that the evidence was factually insufficient to support
the jury's verdict depends on her contention that the "comp time" issue was the controlling issue
at trial. Thus, her argument under this point of error solely addresses the evidence introduced on
the "comp time" issue; she argues the Doctors did not produce sufficient evidence on their "comp
time" allegations to support the jury's affirmative answer to question number one. As previously
noted, however, question number one asked whether the letter as a whole was substantially true,
not whether a single allegation within that letter pertaining to "comp time" was true. Dr. Salazar
did not object to this question at trial, (3) nor did she tender a question that narrowed the inquiry to
the allegation on "comp time". Moreover, the jury could have answered question number one
affirmatively even if they did not believe the "comp time" allegation. Nevertheless, even
assuming Dr. Salazar is correct that the jury could not find the letter substantially true unless it
found the "comp time" allegation true, we conclude there was factually sufficient evidence to
support the jury's finding on this issue. 

 Dr. Salazar testified in her own behalf that she worked on Confederate Heroes'
Day. She stated the reason she had to work that day was because one of the Doctors, Dr.
Wilburn, was on call but the nurses could not find him and she "had to be on call while they
found him." Later, however, Dr. Salazar stated that she went to work mainly for the purpose of
doing paperwork. She testified that she remembered arriving at the school "around lunch time"
and stayed until "around 7:30 or 8:00 . . . ." When asked if she drove her own car to work that
day, she answered, "I don't think I did . . . I had my sister's vehicle, I believe." Dr. Salazar
stated she talked to three nurses during the time she was there; however, none of these nurses
testified at trial. Dr. Salazar said she did not remember if she saw Dr. Wilburn that day.

 Dr. Wilburn testified that on Confederate Heroes' Day, Dr. Salazar called and left
a message on his home answering machine around 10:00 a.m. to 10:30 a.m. for him to call her
at home. He returned her call around 10:30 a.m., discussing with her what time he would be in
that day to see patients. Dr. Wilburn stated he went to the state school about 11:00 a.m. and left
about 2:00 p.m. The entire time he was there, Dr. Wilburn did not see Dr. Salazar, even though
their offices are right next to each other, and when he left, Dr. Salazar's car was not in the
parking lot assigned to the doctors. 

 Juries are the exclusive judges of the credibility of the witnesses and the weight to
be given their testimony. Leyva v. Pacheco, 358 S.W.2d 547, 549 (Tex. 1962); Lake LBJ Mun.
Util. Dist. v. Coulson, 839 S.W.2d 880, 885 (Tex. App.--Austin 1992, no writ). "The trier of fact
has several alternatives available when presented with conflicting evidence. It may believe one
witness and disbelieve others. It may resolve inconsistencies in the testimony of any witness." 
McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986) (citation omitted); Pilkington v.
Kornell, 822 S.W.2d 223, 230 (Tex. App.--Dallas 1991, writ denied). Thus, a jury may believe
or disregard all or any part of any witness' testimony. Pilkington, 822 S.W.2d at 230. 

 We conclude that the evidence was factually sufficient to support the jury's
affirmative answer to question number one. We overrule Dr. Salazar's second point of error. Having overruled both points of error, we affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie, and Jones

Affirmed

Filed: May 11, 1994

Do Not Publish

1.   At trial, Dr. Salazar took the position that the "comp time" accusation was the most
serious allegation, and that, therefore, the jury could not find that the letter was
"substantially true" if it found the accusation about "comp time" was not true. As
demonstrated above, however, the trial court did not single out this allegation in its
submission of the issue to the jury. 
2.   We note that in closing argument to the jury, counsel for Dr. Salazar re-read
instruction number nine and question number one to the jury and fully explained to them
their duty to answer question number one "yes" only if supported by a preponderance of
the evidence. 
3.   Dr. Salazar's sole objection to the charge was: "The only objections I have, Your
Honor, are to the failure to submit the requested instructions and questions that I have
given you in writing, and you have ruled prior to this time." The record reflects that the
questions and instructions referred to did not pertain to the issue of submitting the entire
letter to the jury as opposed to the single allegation on comp time.