**BANK OF NORTH AMERICA,**
Appellant,

v.

**BLUEWATER MAINTENANCE, INC.,**
et al., Appellee.

No. 17280.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 22, 1979.

Rehearing Denied March 22, 1979.

Thomas W. Moore, Jr., Houston, for appellant.

Lohmann, Glazer & Irwin, John Lohmann, III, Jarrold A. Glazer, Houston, for appellee.

EVANS, Justice.

The plaintiff, Bank of North America, brought this action against defendants, Bluewater Maintenance, Inc., P. D. Kelly and R. M. Harmon to recover the sum of $5,000.00 allegedly owing as the unpaid balance due under a promissory note. The defendants, herein collectively referred to as "Bluewater", filed pleas of payment and novation. After a jury trial, the trial court entered judgment on the jury's verdict that the plaintiff bank take nothing against Bluewater. The bank brings this appeal.

The "commercial" note upon which this suit is founded bears a date of January 12, 1973, and specifies an original principal amount of $13,676.66. The note reflects a

maturity date of March 13, 1973, and provides that interest accrues from date until maturity at the rate of 9% per annum. On April 9, 1973, after maturity, the unpaid principal balance and accrued interest due under this note amounted to the total sum of $8,973.38. At that time Bluewater also owed the bank the sum of $7,245.38 on an installment note, and, therefore, had a combined indebtedness to the bank on said notes in the total sum of $16,219.50.

On the date indicated, April 9, 1973, Bluewater made a cash payment to the bank in the amount of $2,219.50 and executed and delivered a new promissory note in the principal amount of $14,000.00. Contemporaneously with the execution of this note, the bank issued a memorandum reciting that the $14,000.00 note represented a "combining" of the $13,676.00 commercial note and the $7,245.38 installment note, less a $5,000.00 "write-off".

In response to the first special issue the jury found that it was the intent of the bank and Bluewater that the cash payment of $2,219.50 and the execution of the $14,-000.00 note would discharge the entire principal and interest balance due under the $13,676.66 commercial note and the $7,245.38 installment note.

The bank challenges the legal sufficiency of the evidence to support the jury's finding that it was the intent of both parties to extinguish the $5,000.00 debt and that the defendants failed to prove the necessary elements of novation, particularly the element of consideration. The bank contends that the uncontroverted evidence shows that it remained in possession of the original note, and that the only reasonable inference to be gained from the evidence is that the $5,000.00 "write-off" was a mere bookkeeping entry to satisfy the requirements of the bank's examiners.

In reviewing the bank's no evidence points, this court will consider only the evidence in support of the verdict and must ignore all evidence to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). Thus, if the court determines that the jury's finding is supported by any probative evidence

the bank's points of error must be overruled.

The record reflects that the bank and Bluewater had been transacting business together for several years prior to the transaction in question. Bluewater's executive vice-president, Mr. Phillip Dale Kelly, testified that in April 1973, he talked to the bank's officer, Mr. Frank McWhorter to discuss the status of the $13,676.66 commercial note and the $7,245.38 installment note. Mr. McWhorter told him that Bluewater's loan status and business dealings at the bank were in a "mess" and suggested in order to rectify the matter, the two notes be "combined" to "make a better deal than we had before." Mr. Kelly testified that the bank officer suggested the two debts be "put together" for a net result of $14,-000.00, and that such sum was the "full amount that Bluewater would have to pay." Under this proposed "deal", Bluewater would have to pay, only the $14,000.00 note, and the $5,000.00 remaining unpaid balance due under the commercial note would be "written-off".

A novation agreement need not be in writing or evidenced by express words of agreement, and an express release is not necessary to effect a discharge of an original obligation by novation. The intent to accept the new obligation in lieu and in discharge of the old one may be inferred from the facts and circumstances surrounding the transaction the conduct of the parties. *Utay v. Urbish,* 433 S.W.2d 905 (Tex. Civ.App.-Dallas 1968, no writ.)

There was some evidence from which the jury might reasonably have concluded that the parties had entered into a new contractual arrangement to discharge Bluewater's indebtedness to the bank and that under such an arrangement it was mutually intended that the bank would write-off as a bad debt the sum of $5,000.00 due under the original note. The fact that approximately two years elapsed before any claim or demand was made for the payment of the $5,000.00 item was a circumstance the jury might consider as tending to indi-

cate an intent on the part of the bank to discharge that portion of the original debt. The record reflects that the new $14,000.00 note provided for payment over a four year period and for an increase of 1.9 per annum in the specified rate of interest. Thus, there is evidence to support an implied finding by the trial court that the bank received tangible benefits under the new agreement and that there was a valuable consideration for its "write-off" of the $5,000.00 debt. The bank's first four points of error are denied.

In its eighth point of error, the bank contends that the trial court erred in refusing to grant its motion non obstante veredicto because the jury's finding to the first special issue is against the great weight and preponderance of the evidence. This point and the argument thereunder show that the point challenges only the legal sufficiency of the evidence to support the jury's finding. *Burney v. Ibarra,* 415 S.W.2d 517 (Tex.Civ.App.-San Antonio 1967, writ ref'd n. r. e.) For the reason hereinabove specified, this point is also denied.

In its fifth, sixth and seventh points of error the bank contends that the trial court erred in refusing to exclude from the jury's consideration certain testimony concerning the previous business dealings between the bank and Bluewater.

Bluewater's president Randall Harmon testified that the Bluewater parties had been required by the bank to issue checks to certain individuals as "points" for a Small Business Administration loan and that in connection with such loan Bluewater had been required to purchase certificates of deposit which provided for lower interest rates than those which they had been receiving. Harmon further testified that the funds represented by these checks had never been repaid to the Bluewater parties and that upon complaint being made to The Small Business Administration, they were advised that the loan transaction was illegal.

It is the bank's contention that this testimony pertained to matters occurring prior to the date of the transaction in question and that it should have been excluded because it was irrelevant, prejudicial, and outside the issues which were pled.

Although this testimony had very little bearing upon the central issues in the case, it cannot be said, considering the record as a whole, that the admission of such testimony, if error, was calculated to or probably did cause the rendition of an improper judgment. Rule 434 Tex.R.Civ.P. The record shows that most of such testimony was received in evidence before objection was made known to the court, and the bank's objections are so general in nature that its complaints of error cannot be considered by this court. *M. K. Bales v. Delhi-Taylor Oil Corp.,* 362 S.W.2d 388 (Tex.Civ. App.-San Antonio 1962, writ ref'd n. r. e.). These points of error are overruled.

In its remaining points, the bank complains that the trial court erred in rendering judgment against it because the judgment is against the great weight and preponderance of the evidence and is not supported by sufficient evidence. These points are not in substantial compliance with Rule 418 Tex.R.Civ.P. *McWilliams v. Muse,* 157 Tex. 109, 300 S.W.2d 643 (1957); *Patterson v. East Texas Motor Freight Lines,* 349 S.W.2d 634 (Tex.Civ.App.-Beaumont 1961, writ ref'd n. r. e.). The points do not direct the attention of the court to the alleged errors and are so general in their scope that nothing is presented for appellate review. *Minchen v. First National Bank of Alpine,* 263 S.W.2d 601 (Tex.Civ.App.-El Paso 1953, writ ref'd n. r. e.); *Pleasant Grove Builders, Inc. v. Phillips,* 355 S.W.2d 818 (Tex.Civ. App.-Dallas 1962, writ ref'd n. r. e.).

The trial court's judgment is affirmed.

WALLACE and WARREN, JJ., sitting.