Joe **FLANAGAN**, Appellant,

v.

Danny M. **MARTIN**, et al., Appellees.

No. 10–94–034–CV.

Court of Appeals of Texas, at Waco.

July 27, 1994.

Robert J. Birnbaum, Austin, for appellant.

John J. Clennan, Bellaire, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

On May 24, 1993, Joe Flanagan filed suit alleging that Danny M. Martin breached their agreement, signed on June 25, 1992, to divide the net profits from a saltwater disposal well and that Martin conspired with other defendants to defraud Flanagan of profits owed him from the operation of the well. Danny M. Martin, Carrie Martin, and David E. Taylor filed an amended answer, alleging that in November 1992, Danny Martin and Joe Flanagan agreed that in satisfaction of all prior claims and demands concerning the proceeds from the saltwater disposal well Flanagan would accept Martin's promise to pay Flanagan $2400 in four installments of $600 each. The appellees filed a motion for summary judgment on the ground that "the evidence conclusively shows that there are no genuine issues of material fact concerning the defendants affirmative defense of accord and satisfaction by way of novation." Carrie Martin and David Taylor also moved for summary judgment on the ground that there was no genuine issue of material fact regarding Flanagan's causes of action against them because they were not parties to the agreement with Flanagan, they never made any representations to Flanagan concerning the proceeds from the saltwater disposal well, and they never conspired with Danny Martin to breach any contract with Flanagan. The trial court granted the motion for summary judgment, without stating the specific ground upon which it was granted. Flanagan appeals, raising nine points of error. The appellees, however, have filed a motion to dismiss the appeal for lack of jurisdiction, which we will address first.

## Motion to Dismiss

The appellees move to dismiss the appeal for lack of jurisdiction because the summary judgment did not dispose of all parties, and is thus interlocutory in nature. In addition to the appellees, Flanagan's petition names William R. Ward; David E. Taylor Investments; Martin Oil Company; Workover, Inc.; M & W Energy; and the Taylor Family Living Trust as defendants. So far as we can determine from the record, however, Danny M. Martin, Carrie Martin, and David E. Taylor were the only parties who were ever served with citation. Because none of the other defendants was served with citation, and none has answered or made an appearance, the case stands as if there had been a discontinuance as to these defendants.[1] Therefore, the summary judgment in favor of the appellees is regarded as final for purposes of appeal.[2]

The judgment is also final for appeal purposes because the "Final Summary Judgment" includes a "Mother Hubbard" clause.[3] In *Mafrige*, the Supreme Court held that when a summary judgment order clearly evidences the trial court's intent to dispose of all claims, the court of appeals errs in dismiss-

1. See *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex.1963).

2. See *Mercantile Bank of Houston v. Rozema*, 508 S.W.2d 187, 188 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

3. See *Mafrige v. Ross*, 866 S.W.2d 590, 591–92 (Tex.1993).

ing the appeal for want of jurisdiction.[4] Accordingly, we deny the appellees' motion to dismiss the appeal for want of jurisdiction.

 We also note, however, that no point of error has been raised seeking a reversal of the summary judgment on the basis that it purports to dispose of Flanagan's claims against the defendants who did not move for summary judgment. Because, the defendants who neither answered nor appeared were impliedly dismissed by failing to serve them with citation,[5] and because the jurisdictional issue raised by the granting of a summary judgment in favor of nonmoving parties is not fundamental error,[6] we need not address the propriety of the trial court's granting of summary judgment in the form of a final judgment.[7]

### Points of Error on Appeal

In points four, five, and six, Flanagan contends that the trial court erred in sustaining the appellees' objections to his summary judgment evidence, in failing to allow him the opportunity to amend his opposing affidavit, and in failing to give him notice of the court's ruling on the appellees' objections. In point eight Flanagan contends that the trial court abused its discretion in failing to grant his motion for new trial and allow him to amend his opposing affidavit.

 Opposing affidavits must be made on personal knowledge, must set forth facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.[8] Among the twenty-six written objections filed on the day of the summary judgment hearing, the appellees objected to Flanagan's opposing affidavit because it was not based on personal knowledge, and to the attached exhibits because they were not supported by a properly sworn affidavit. Flanagan introduced his affidavit with the following statement: "My name is Joe Flanagan. I am over 18 years of age, and I am the plaintiff in the above captioned lawsuit. I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct *to the best of my knowledge and belief.*" (Emphasis added). When the affiant states that all of the facts are true and correct "to the best of my knowledge and belief," the trial court is justified in not considering any of those facts.[9]

 We will also address Flanagan's contentions that the trial court failed to allow him the opportunity to amend his opposing affidavit and that it failed to give him notice of the court's ruling on the appellees' objections. When the appellees filed their objections to the opposing affidavit on the day of the hearing, Flanagan should have asked the trial court for a continuance for time to respond to the objections.[10] Because nothing in the record indicates that Flanagan requested a continuance, we hold that he waived his complaint regarding the lack of an opportunity to amend his affidavit.[11] Furthermore, because the trial court's ruling on the objections was filed on the day of the hearing, two weeks before the final summary judgment was signed, we hold that he had adequate notice of the ruling.[12] Accordingly, we overrule points of error four, five, six, and eight.

 In points one, two, and three Flanagan contends that the trial court erred in granting summary judgment in favor of the appellees with respect to their affirmative

---

4. *Id.* at 592.

5. *See Youngstown Sheet and Tube,* 363 S.W.2d at 232.

6. *See Mafrige,* 866 S.W.2d at 592.

7. *See Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 455 (Tex.1982).

8. Tex.R.Civ.P. 166a(f).

9. *See Campbell v. Fort Worth Bank & Trust,* 705 S.W.2d 400, 402 (Tex.App.—Fort Worth 1986, no writ).

10. *See Webster v. Allstate Insurance Co.,* 833 S.W.2d 747, 750 (Tex.App.—Houston [1st Dist.] 1992, no writ).

11. *See id.*

12. *See Pentikis v. Texas Electric Service Co.,* 470 S.W.2d 387, 390 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.).

defense of "accord and satisfaction by way of novation." When defendants moving for summary judgment rely on an affirmative defense, they must expressly present and conclusively prove all essential elements of their defense as a matter of law.[13]

▮ The satisfaction in an accord and satisfaction is usually the *performance* of the new promise, rather than the *new promise* itself. When, however, the new promise itself is accepted as the satisfaction, the accord is more properly termed a novation.[14] The elements of a novation are: (1) a previous valid obligation; (2) a mutual agreement of all parties to the acceptance of a new contract; (3) the extinguishment of the old contract or obligation; and (4) the validity of the new contract.[15] A novation agreement need not be in writing or evidenced by express words of agreement, and an express release is not necessary to effect a discharge of an original obligation by novation. The intent to accept the new obligation in lieu of and in discharge of the old one may be inferred from the facts and circumstances surrounding the transaction and the conduct of the parties.[16]

▮ In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, every reasonable inference must be indulged in favor of the non-movant, and any doubts must be resolved in the non-movant's favor.[17] However, because the trial court sustained the appellees' objections to Flanagan's opposing affidavit, it is not part of our review of the summary judgment evidence.

The appellees' motion was supported by the following uncontroverted deposition testimony of Danny Martin:

Sometime after June 25, 1992 a disagreement developed between JOE FLANAGAN and me concerning our rights, claims and demands concerning work performed by JOE FLANAGAN on the Ash, Teer Windburg Trust Lease and *concerning our rights in the proceeds from the Saltwater disposal well* located on this property. On or about early November of 1992 in Mildred, Texas *I entered into an agreement* with JOE FLANAGAN concerning the subject matter of the above referenced lawsuit. *JOE FLANAGAN agreed that in satisfaction of all prior claims and demands concerning the proceeds from the saltwater disposal well and the work that he performed* that *he would accept my promise to pay him $2,400.00 in four installments of $600.00 each.* Under the terms of this agreement I paid two installments in the amount of $600.00 each as evidenced by check no. 3253 dated November 27, 1992 and check no. 3291 dated December 28, 1992. I also have tendered to him the last two payments which he refuses to accept.

All of the allegations, demands, and claims made by JOE FLANAGAN in the above referenced lawsuit *were completely replaced by our agreement* made in early November of 1992.

(Emphasis added).

▮ A summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.[18] Because Martin's uncontroverted affidavit establishes all of the elements of novation, we hold that the trial court properly granted summary judgment on the appellees' affirmative defense.

▮ In his brief Flanagan argues that the appellees failed to establish the parties'

---

13. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

14. *See DoAll Dallas Co. v. Trinity National Bank of Dallas,* 498 S.W.2d 396, 400 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.).

15. *Talamas v. Bressi International,* 727 S.W.2d 72 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.).

16. *Bank of North America v. Bluewater Maintenance, Inc.,* 578 S.W.2d 841 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

17. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

18. Tex.R.Civ.P. 166a(c).

**868**

intent to give up their rights under the original contract. He also complains that the promise to pay $2400, which he argues was unenforceable under the statute of frauds,[19] was insufficient consideration for the novation. Issues not expressly presented to the trial court by written response, however, may not be considered by the appellate court as grounds for reversal of a summary judgment.[20] Although Flanagan's reply states that he "denies the agreement referred to by Defendants in their Motion for Summary Judgement constitutes accord and satisfaction," neither lack of intent nor insufficient consideration was expressly presented to the trial court as a basis for denial of the motion for summary judgment. Having found that the appellees conclusively proved all essential elements of their affirmative defense as a matter of law, we overrule points of error one through three.

Points seven and nine attack the summary judgment on the movants' alternative grounds. When a summary judgment order does not state the specific grounds upon which it is granted, a party appealing from the judgment must show that each of the independent arguments alleged in the motion for summary judgment was insufficient to support the order.[21] Because the appellee's affirmative defense of accord and satisfaction was sufficient to support the summary judgment order in favor of all appellees, we need not address points seven and nine.

We affirm the judgment.

---

19. Flanagan's brief fails to provide any argument or authorities in support of his contention that the novation was subject to the statute of frauds under section 26.01 of the Texas Business and Commerce Code. See Tex.R.App.P. 74(f); Tex.Bus. & Com.Code Ann. § 26.01(b) (Vernon 1987). Moreover, as previously mentioned, a novation may be shown by an oral agreement. See also Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422, 424 (1953).

20. Tex.R.Civ.P. 166a(c); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 675 (Tex. 1979).

21. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989); Rogers v. Ricane Enterprises, Inc, 772 S.W.2d 76, 79 (Tex.1989).