COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-025-CV
 
ELOY SOTO                                                                           
APPELLANT
V.
RADONA DAWSON                                                                   
APPELLEE
------------
FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant, Eloy Soto, appeals the trial court's dismissal of his case
for want of prosecution. In Appellant's sole point on appeal, he claims that the
trial court committed an abuse of discretion by refusing to grant either
Appellant's motion to reinstate or the Appellant's agreed motion for rehearing
reinstating as to Anthony Elmore only. We dismiss Appellant's appeal.
FACTS
Appellant alleges that on July 22, 1999, Anthony Elmore caused an
automobile accident between Radona Dawson and Appellant by hitting Dawson from
behind. Appellant attempted to sue both Dawson and Elmore over the accident. He
filed the case on September 26, 2000, naming both Elmore and Dawson, but
Appellant never served Elmore with process. Over the next year Appellant
allegedly attempted to serve Elmore with process, but could not find him.
Because Appellant failed to act on the case for almost a year, the trial court
issued a notice of dismissal on September 20, 2001. Appellant did not respond to
the notice, and the trial court dismissed the case for want of prosecution.
Once Appellant became aware of the case's dismissal, he filed a motion
for reinstatement. The trial court found that Appellant's actions resulted from
a mistake. The trial court also found that Appellant had waited over a year and
that he had failed to serve one of the plaintiffs. The court held that
Appellant's actions showed a lack of due diligence. Consequently, the trial
court denied the motion, and Appellant appealed.
DISCUSSION
Appellant and Dawson reached a rule 11 agreement prior to oral
arguments in front of this court. The agreement stated that for an undisclosed
amount of money Appellant would cease all actions towards Dawson. Pursuant to
this agreement, Appellant filed a joint motion for partial dismissal signed by
both parties' attorneys.
Having removed Dawson from the appeal, Appellant now wants to proceed
on his appeal against Elmore. Although Appellant concedes that he has never
served Elmore with process, Appellant claims that in the interest of equity we
should reverse the trial court's dismissal and reinstate Appellant's case. We
disagree.
Jurisdiction may be raised at any time, even for the first time on
appeal, and when apparent from the record, may be raised by the court if not
raised by the parties. See Tex. Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 n.10 (Tex. 1993); City of
Dallas v. GTE Southwest, Inc., 980 S.W.2d 928, 931 (Tex. App.--Fort Worth
1998, pet. denied). The record in this case shows, and Appellant admits, that he
never served Elmore before the trial court dismissed the case. Because Elmore
had not been served and had not made an appearance in the trial court by the
time the trial court entered the dismissal order, the case stood as if there had
been a discontinuance as to him. See Youngstown Sheet &
Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962); Knie v.
Piskun, 23 S.W.3d 455, 460 (Tex. App.--Amarillo 2000, pet. denied); Flanagan
v. Martin, 880 S.W.2d 863, 865 & n.1 (Tex. App.--Waco 1994, writ dism'd
w.o.j.). As such, Elmore was never a party to this proceeding, and this court
does not have jurisdiction over him. See Wilson v. Dunn,
800 S.W.2d 833, 836-37 (Tex. 1990) (holding that without service of process the
court lacks jurisdiction over the party); see also TEX.
R. CIV. P. 124 (stating that "[i]n no case shall
judgment be rendered against any defendant unless upon service, or acceptance or
waiver of process, or upon an appearance by the defendant, as prescribed in
these rules").
Because Appellant voluntarily dismissed his claim against the only
party over which we have jurisdiction, we dismiss Appellant's appeal pursuant to
rule 42.1 of appellate procedure. See TEX.
R. APP. P. 42.1(a)(1) (stating that "[t]he
appellate court may dispose of an appeal . . . in accordance with a motion of
appellant"). In this case, Appellant and Dawson, the only parties to the
appeal, properly signed the agreement dismissing the appeal.
CONCLUSION
We dismiss the appeal based on Appellant's motion.
 
                                                                   
   SAM J. DAY
                                                                   
   JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
DELIVERED: April 3, 2003

1. See T
EX. R. APP. P. 47.4.