ELOY SOTO V. RADONA DAWSON

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-025-CV

ELOY SOTO APPELLANT

V.

RADONA DAWSON APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant, Eloy Soto, appeals the trial court’s dismissal of his case for want of prosecution.  In Appellant’s sole point on appeal, he claims that the trial court committed an abuse of discretion by refusing to grant either Appellant’s motion to reinstate or the Appellant’s agreed motion for rehearing reinstating as to Anthony Elmore only.  We dismiss Appellant’s appeal.

FACTS

Appellant alleges that on July 22, 1999, Anthony Elmore caused an automobile accident between Radona Dawson and Appellant by hitting Dawson from behind.  Appellant attempted to sue both Dawson and Elmore over the accident.  He filed the case on September 26, 2000, naming both Elmore and Dawson, but Appellant never served Elmore with process.  Over the next year Appellant allegedly attempted to serve Elmore with process, but could not find him.  Because Appellant failed to act on the case for almost a year, the trial court issued a notice of dismissal on September 20, 2001.  Appellant did not respond to the notice, and the trial court dismissed the case for want of prosecution.  

Once Appellant became aware of the case’s dismissal, he filed a motion for reinstatement.  The trial court found that Appellant’s actions resulted from a mistake.  The trial court also found that Appellant had waited over a year and that he had failed to serve one of the plaintiffs.  The court held that Appellant’s actions showed a lack of due diligence.  Consequently, the trial court denied the motion, and Appellant appealed.

DISCUSSION

Appellant and Dawson reached a rule 11 agreement prior to oral arguments in front of this court.  The agreement stated that for an undisclosed amount of money Appellant would cease all actions towards Dawson.  Pursuant to this agreement, Appellant filed a joint motion for partial dismissal signed by both parties’ attorneys. 

Having removed Dawson from the appeal, Appellant now wants to proceed on his appeal against Elmore.  Although Appellant concedes that he has never served Elmore with process, Appellant claims that in the interest of equity we should reverse the trial court’s dismissal and reinstate Appellant’s case.  We disagree.

Jurisdiction may be raised at any time, even for the first time on appeal, and when apparent from the record, may be raised by the court if not raised by the parties.  
See Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 n.10 (Tex. 1993); 
City of Dallas v. GTE Southwest, Inc.
, 980 S.W.2d 928, 931 (Tex. App.—Fort Worth 1998, pet. denied).  The record in this case shows, and Appellant admits, that he never served Elmore before the trial court dismissed the case.  Because Elmore had not been served and had not made an appearance in the trial court by the time the trial court entered the dismissal order, the case stood as if there had been a discontinuance as to him.  
See Youngstown Sheet & Tube Co. v. Penn, 
363 S.W.2d 230, 232 (Tex. 1962);
 Knie v. Piskun,
 23 S.W.3d 455, 460 (Tex. App.—Amarillo 2000, pet. denied); 
Flanagan v. Martin
, 880 S.W.2d 863, 865 & n.1 (Tex. App.—Waco 1994, writ dism’d w.o.j.).  As such, Elmore was never a party to this proceeding, and this court does not have jurisdiction over him.
  See Wilson v. Dunn
, 800 S.W.2d 833, 836-37 (Tex. 1990) (holding that without service of process the court lacks jurisdiction over the party); 
See also 
T
EX
. R. C
IV
. P. 124 (stating that “[i]n no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules”).

Because Appellant voluntarily dismissed his claim against the only party over which we have jurisdiction, we dismiss Appellant’s appeal pursuant to rule 42.1 of appellate procedure.  
See
 T
EX
. R. A
PP
. P. 42.1(a)(1) (stating that “[t]he appellate court may dispose of an appeal . . . 
in accordance with a motion of appellant”).  In this case, Appellant and Dawson, the only parties to the appeal, properly signed the agreement dismissing the appeal.

CONCLUSION

We dismiss the appeal based on Appellant’s motion.

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DELIVERED: April 3, 2003

FOOTNOTES
1:
See
 T
EX
. R. A
PP
. P. 47.4.