## MILLER v. LONG–BELL LUMBER CO.
### No. 5941.

Court of Civil Appeals of Texas. Amarillo.
Feb. 7, 1949.

Rehearing Denied March 7, 1949.

Poteet & Pruitt, of Vernon, for appellant.

Warlick, Bunnenberg & Douglas, of Vernon, for appellee.

PITTS, Chief Justice.

Appellee, Long-Bell Lumber Company, Incorporated, filed suit against appellant, Edwin R. Miller, sometimes known as Miller Construction Company, upon a verified account for the sale of goods, wares and merchandise by appellee to appellant at various times between January 1, 1946 and May 2, 1947. Appellant answered with a denial of the account under oath and further alleged that all of the said goods, wares and merchandise sold to him were sold at a price in excess of the ceiling prices authorized by the Emergency Price Control Act.

The record reveals that after the trial had proceeded for some time and after sales tickets had been produced by appellee in support of its claims, covering more than 500 entries and numerous items, the parties agreed by stipulation that all sales tickets pertaining to the account be and they were offered, introduced, accepted and placed in evidence without objection; that each and all of the items, articles, lumber and material shown by the sales tickets were sold by appellee to appellant on the dates specified and that all of them were delivered to appellant or one of his agents; however, appellant contended that he was not liable for an item for drayage in the sum of $900, which sum appellant admitted to be a reasonable charge and he further admitted that appellee had paid such sum for such drayage at appellant's request and that he had benefited thereby. The parties further agreed by stipulation that the account correctly allowed credits for all payments previously made thereon and that the said account stood fully approved by appellant except insofar as the same may

be defeated by "taint of illegality" arising out of violations, if any, of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., or its regulations and amendments. Throughout the progress of the trial the trial judge ruled that he would take judicial notice of the ceiling prices under the Emergency Price Control Act and he did not permit evidence to be introduced either before him or the jury showing ceiling prices of any of the items of the account.

The case was tried to a jury which found in response to the only issue submitted to it that the reasonable value of all of the goods, wares and merchandise in question, after allowing all credits, was $12,906.17 which was the exact amount appellee had sued for. No objection was made by either party to the submission of the issue in question and no requests were made by either party for the submission of other issues. The trial of the case was completed on July 15, 1948 but judgment was not rendered until a subsequent date of the term. Through its own process of reasoning and as a result of its own calculations made the trial court announced on the date judgment was rendered that upon considering the law and facts, judgment was being rendered for appellee for the sum of $12,115.48. Subsequently thereto the trial court filed its findings of fact and conclusions of law at the request of appellant. Among such it found that appellee overcharged appellant in the total sum of $790.69 in excess of the OPA ceiling prices on 61 items found in the account. The findings revealed that the total amount of the items in which the overcharge was made was found to be $4,519.91. The record does not disclose the amount of any overcharge on any particular item or how the trial judge arrived at his findings. However, the finding of the jury was set out in the judgment and then reduced by the trial judge as a matter of law in the sum of $790.69 and judgment was rendered for appellee and against appellant for the sum of $12,115.48, from which judgment appellant perfected his appeal.

■■■ The record reveals that the trial court rendered judgment upon a jury verdict slightly modified by the trial court as a matter of law but no motion for a new trial was filed by appellant according to the record before us. Appellant complains that the trial court erred in rendering such a judgment. Under the provisions of Rule 324, Texas Rules of Civil Procedure, if appellant complains on appeal about the judgment of the trial court, or any part of it, in a jury case, he must file a motion for a new trial in the trial court as a prerequisite to an appeal, unless he excuses himself for his failure so to do under one or more exceptions to the rule. Traders & General Ins. Co. v. Scott, Tex.Civ.App., 189 S.W. 2d 633. A failure to comply with such a rule necessitates an affirmance of the trial court's judgment. The purpose of such a rule is to insure the presentation to the trial court of all assigned grounds of error upon which appellant relies for a reversal in order that the trial court may have an opportunity to correct any such alleged errors if it so desires. Daniel v. Fry, Tex.Civ.App., 195 S.W.2d 155. It has also been held that a motion for a new trial in a jury case constitutes the assignments of error to be reviewed by appellate courts and that an assignment of error is necessary to entitle a point to be considered on appeal. Johnson Aircrafts, Inc. v. Wilborn, Tex.Civ. App., 190 S.W.2d 426. A matter not assigned as error in a motion for a new trial cannot be relied on as an error on appeal. Quinn v. Wilkerson, Tex.Civ.App., 195 S. W.2d 399. Under the record presented to us appellant did not file a motion for a new trial in the trial court. Neither has he attempted to excuse his failure to file such a motion.

■■■ By several stipulations made between the parties and reflected by the record appellant has admitted liability in a reasonable sum for the goods, wares and merchandise except as the claim may be defeated under the provisions of the Emergency Price Control Act of 1942. Appellant contends he is entitled to penalties because of appellee's failure to comply with Federal regulations in the business transactions. He further contends and the burden of his complaint is to the effect that this suit is based upon an illegal contract which he alleges is void and that appellee's claims

for recovery cannot be sustained under the law. The record does not support appellant's contentions in this respect. According to the record before us this suit was not instituted upon a contract. The record reveals that this suit was filed upon an account and appellee sought to recover for goods, wares and merchandise which appellant admits were sold and delivered to him by appellee at various times. According to the pleadings of appellee and to the testimony of appellant himself, the account was opened with appellee at the special instance and request of appellant. If any contractual relationship existed between the parties, it was no more than an implied contract to legally sell goods, wares and merchandise for a reasonable price, and a reasonable price cannot exceed a lawful price. The record does not disclose any intimation of an illegal contract or any contemplation of the parties other than legal transactions. Neither the pleadings nor the evidence reveal that appellee proposed or agreed to sell its goods, wares and merchandise at an illegal price or above the OPA ceiling prices or that appellant offered to pay or agreed to pay an illegal price or a price in excess of the OPA ceiling prices for such goods, wares and merchandise. The record reveals that Frank Granot, manager of appellee's lumber yard for many years, testified, in effect, that in his opinion at no time did appellee sell appellant any goods, wares and merchandise at a price in excess of the OPA ceiling prices, but if he was mistaken in making such a statement, then certainly such was not done intentionally.

Appellant testified, in effect, that he was a contractor; that he had traded with appellee and bought goods, wares and merchandise from its lumber yards upon an open account in other towns before he moved to Vernon, Texas, in 1945; that he continued such account with appellee in Vernon; that he had bought $250,000 worth of material from appellee in former years; that he had bought $165,000 worth of such material from appellee since he had been in Vernon and had paid for all of it except this account; that he had tried to pay this account and offered to give appellee a note for it; that several strikes among his laborers had hindered the progress on his work and had prevented him from paying this account. He further testified that he owed appellee for the material bought and was then willing to pay reasonable prices to settle the account. The issue of reasonable prices for the goods in question was determined by the jury and approved by the trial court, after making a small deduction therefrom itself as a matter of law, and appellant failed to avail himself of the defenses he claims under the provisions of the Emergency Price Control Act of 1942 and its amendments, regulations and directives.

■ Appellee charges that the trial court erroneously attempted to take judicial knowledge of the OPA ceiling prices of the numerous items of goods, wares and merchandise that were here sold over a long period of time when freight rates, mill prices, conditions of lumber and handling charges were constantly changing; that it erroneously deducted the sum of $790.69 from the findings of the jury and therefore erroneously reduced appellee's judgment from $12,906.17 to $12,115.48; but appellee is not appealing from such alleged erroneous action on the part of the trial court, does not complain about the matters in a cross-assignment but, on the contrary, appellee is here insisting that the judgment of the trial court be affirmed in spite of the small alleged loss it will sustain as a result of the alleged erroneous acts of the trial court. Since appellee does not appeal from such complaints of error, such are waived and we are not required to pass upon its complaints of error.

After a careful examination of the record and of the provisions of the Emergency Price Control Act of 1942 together with its amendments regulations and directives, we are of the opinion that appellant received all of the consideration under the premises he was entitled to receive, if even that much. His points to the contrary are overruled and the judgment of the trial court is affirmed.