R. L. BURNEY, Appellant,

v.

Nicholas R. IBARRA, d/b/a Southern Sheet Metal Works, Appellee.

No. 14570.

Court of Civil Appeals of Texas.

San Antonio.

May 3, 1967.

Rehearing Denied May 31, 1967.

Vaughan & Vaughan, San Antonio, for appellant.

Albert De La Garza, Jr., San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment rendered on a jury verdict in a suit by appellee, Nicholas R. Ibarra, d/b/a Southern Sheet Metal Works, against appellant, R. L. Bur-

ney, for breach of an oral contract for certain sheet metal and air-conditioning work performed by appellee on a golf club house being constructed by appellant as general contractor.

It appears from the evidence that appellant was the general contractor for the construction of a club house at Olmos Basin Golf Course; that portions of such work were done by subcontractors working under such general contractor; that some sheet metal and duct work had been done by previous subcontractors but, for reasons not fully shown in this suit, such work was not finished. Appellee testified that he had several meetings with appellant with regard to the completion of such work and, after an inspection of such work, told appellant that the only way he would undertake to finish the work was ᴏ the basis of the cost of labor ᴀnd materiaɩ plus ten per cent, and that appellant agreed to this; that appellee performed such work, furnishing all necessary labor and material to do so; that it took approximately four weeks to complete such work, with an ᴀverage of five men working daily; that he billed appellant for such work and labor in the amount of $3,-457.64, which included the additional ten per cent, and that appellant ultimately paid him $1,500.00 of such total. Appellant's testimony conflicts with that of appellee in some respects, however, appellant's chief complaint appears to be his contention that appellee failed to present him proper evidence as to the cost of the items appellant was billed for.

The jury found substantially as follows: (1) That on or about July 20, 1963, R. L. Burney, as general contractor, engaged the services of appellee to complete the sheet metal portion of the air-conditioning job on the Olmos Basin Club House. (2) That appellant agreed to pay appellee for the costs of material and labor used in completing the sheet metal portions of the air-conditioning job, plus ten per cent of the total costs of material and labor used. (3) That the cost of material and labor to appellee to complete the sheet metal portion of the air-

conditioning job was $3,117.97. (4) That appellee should be allowed the sum of $700.-00 as reasonable attorney's fees.

 Appellant's first point of error is that the trial court erred in admitting certain exhibits introduced by appellee. Exhibits 1, 2 and 3 were bills or invoices for material furnished, and appellant's objection to these exhibits was that they were self-serving, which was overruled. Exhibit No. 4 was a listing or itemization of the labor performed, setting forth the number of hours worked by the various types of laborers, the hourly rate paid them, and the total. Appellant made a general objection to its introduction, which objection was also overruled. Appellee testified that such exhibits were prepared under his supervision, that he was familiar with the matters therein contained, that such exhibits were for material furnished and labor performed on such job; that he was familiar with the price of material in the area; that the labor items were in accordance with the wage scale paid by him for such labor; that the exhibits were made at or near the time of the act, and that they were immediately billed to appellant after the completion of the job. We find no error of the court in admitting such exhibits. Further, appellee testified in full about the items shown in such exhibits, and underwent lengthy cross-examination in connection therewith, and his testimony alone supported the jury's findings, and if there was any error in the introduction of such exhibits, it was not material.

Appellant also complains of error of the trial court: (1) in overruling appellant's oral motion for an instructed verdict; (2) in overruling appellant's motion for judgment non obstante veredicto; (3) in basing its judgment on the answers to any special issue presented to the jury, because there was no evidence to support such answers or such judgment.

 All of these points or error are "no evidence" points. "No evidence" is a question of law and a jury verdict must be

sustained if supported by more than a scintilla of evidence. Gulf, C. & S. F. Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361. The evidence is undisputed that appellee performed work on the club house which appellant was constructing as the general contractor; that such work was completed; that appellant did not question the workmanship, and that appellant paid appellee $1,500.00 on the bill which was presented to him by appellee. The evidence is disputed as to the exact nature of the contract, and as to whether there was such a contract, appellee testifying one thing and appellant another, and in some respects as to the cost figures. However, much of appellee's testimony was substantiated by a third party witness. The jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony. Having heard the testimony, the jury found that a contract was entered into between appellant and appellee, that appellant agreed to pay appellee for the cost of material and labor used on such job, plus ten per cent, and that such cost amounted to $3,117.97. We hold that there is evidence of probative force to support the findings of the jury. We do not find any error of the trial court in overruling appellant's motion for instructed verdict and motion for judgment non obstante veredicto, or in entering judgment on the basis of such jury findings.

 Appellant's next point of error is that the court committed error in allowing appellee a recovery for interest on the judgment. Appellant made no complaint as to interest in his motion for new trial, and there is no assignment of error in such motion with regard to interest. A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required, shall be considered as waived. Rule 374, Texas Rules of Civil Procedure; Dallas Ry. & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379; Miller v. Long-Bell Lumber Co., Tex.Civ.App., 217 S.W.2d 867, affirmed, 148 Tex. 160, 222

S.W.2d 244; Thompson v. State, Tex.Civ. App., 165 S.W.2d 131, no writ.

 Appellant's other point relates to the award of attorney's fees in this case. We sustain this point. Appellee's suit was for damages for breach of contract, and Art. 2226, Vernon's Ann.Civ.St., does not apply. Kirkwood & Morgan, Inc. v. Roach, Tex. Civ.App., 360 S.W.2d 173, writ ref'd n. r. e. The claim, essentially, is one based on a special contract which covered both the supplying of labor and material, and one in which attorney's fees are not recoverable. Parks v. Benson Co. Builders, Tex.Civ.App., 393 S.W.2d 700, writ ref'd n. r. e.; Ford Motor Co. v. Davis Bros., Inc., Tex.Civ. App., 369 S.W.2d 664, no writ; Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75; Mercantile National Bank at Dallas v. Hudgens, Tex.Civ.App., 412 S.W.2d 364.

The judgment of the trial court is reformed so as to deny any recovery for attorney's fees, and as so reformed the judgment is affirmed. Costs are taxed three-fourths against appellant and one-fourth against appellee.