**Ted KANOW, Appellant,**

v.

**Elton L. BROWNSHADEL, Appellee.**

**No. 01–84–0735–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 23, 1985.

Rodrigo M. Rodriguez, Houston, for appellant.

William R. Bromley, Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

Appeal is taken from a judgment rendered by the court for appellee in an action to recover fees for legal services.

Appellant asserts in his first point of error that "there was insufficient evidence, or in the alternative, no evidence to support the trial court's findings that a contract ever existed between the parties."

The case was tried to the court and no findings of fact or conclusions of law were requested of or filed by the court. Therefore, the court's judgment implies all necessary fact findings in support of the judgment. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950); *Henderson-Bridges, Inc. v. White,* 647 S.W.2d 375 (Tex.App.—Corpus Christi 1983, no writ). Appellant's allegations of insufficient evidence or, in the alternative, no evidence to support the court's finding that a contract existed between the parties require a recapitulation of the evidence.

In determining the "no evidence" points of error, the court will consider only that evidence tending to support the court's findings, viewing it in the most favorable light in support of the judgment, giving effect to all reasonable inferences that may properly be drawn therefrom, and disregarding all contrary or conflicting evidence. In determining the insufficient evidence points, the court is required to consider and weigh all of the evidence both supporting and contrary to the court's finding, and to sustain appellant's point of error if the evidence is so against the great weight and preponderance of the evidence as to be manifestly unjust, even though there is some evidence of probative force in support of the court's finding. *Burnett v.*

*Motyka,* 610 S.W.2d 735 (Tex.1980); *Maryland Casualty Co. v. Davis,* 464 S.W.2d 433 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.).

A review of the testimony shows that the parties offered conflicting versions on whether there was an oral contract.

According to appellee's testimony, appellant approached him about representing an employee, Joseph Ducre, who had been charged with several criminal offenses in Harris County, Texas. Appellee explained to appellant that his fee for such services would be $5,000 and that this money had to be paid in advance. Appellant agreed that he would "put up" the money for this representation and paid $2,500 as a retainer. Based on this promise to pay the balance, appellee began working on the case. On Ducre's trial date, appellee reminded appellant of the outstanding balance. Appellant stated that he would not be responsible for any further payment. Due to the lack of time to withdraw as Mr. Ducre's attorney, the appellee proceeded to represent Ducre at his trial. Appellee further testified that the balance owed by defendant remains unpaid, that the attorney's fee was a reasonable and necessary fee, and was the amount contracted for.

Appellant testified that he had no agreement of any kind with appellee, and that his check for $2,500 made out to appellee represented a loan to Ducre and was made out to appellee at Ducre's request. He initially testified that he had never met appellee, but later stated that he gave the $2,500 check to appellee and discussed Ducre's case with him. This discussion did not pertain to legal fees, but concerned various representations Ducre had made about his case. In characterizing his relationship with Ducre, however, the defendant stated that he "hired a lawyer for him."

The court had the opportunity to see and observe both parties and to weigh and evaluate their testimony. Whether appellant entered into a contract with appellee is a fact question dependent on a determination

of their intent, and any conflict in the testimony of the parties merely raised a question of fact for the court's determination. *Scott v. Ingle Brothers Pacific, Inc.,* 489 S.W.2d 554 (Tex.1972). Plaintiff's testimony evidenced an oral contract for the performance of legal services to be compensated by a specific sum of money. *See Burney v. Ibarra,* 415 S.W.2d 517 (Tex.Civ. App.—San Antonio 1967, writ ref'd n.r.e.).

Reviewing the evidence in the light most favorable to the verdict, we find that there is some evidence of probative force to support the finding of the court. Appellant's contention that there is no evidence to support the court's finding that a contract existed between the parties must be overruled.

Further, with respect to appellant's insufficient evidence point, we have viewed the record as a whole, and cannot say that the court's finding that a contract existed is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Appellants first point of error is overruled.

Appellant asserts in his second point of error that "the trial court fundamentally erred in prejudicially examining a party witness."

The trial court took an active role in questioning the appellant, who appeared pro se. Among the facts elicited by the court was that, at the time legal services were arranged for Ducre, appellant knew that Ducre was on parole for theft. In rendering judgment, the court stated:

> It seems to me that as bad a fellow as the employee [Ducre] was, I cannot conceive of a lawyer taking this case relying on him to make the payments, particularly when he's on parole ... I don't think any lawyer with good sense would undertake to represent him on credit. And that I think is sufficient to add the feather on the scale [in plaintiff's favor].

Appellant argues that the fact that Ducre was on parole was not admissible. He asserts that reversible error resulted from the combination of the court's solicitation of inadmissible evidence and its subsequent reliance on that evidence as the deciding factor in rendering judgment.

The pro se litigant is held to the same standard as a licensed attorney. *Bailey v. Rogers,* 631 S.W.2d 784 (Tex.Civ. App.—Austin 1982, no writ). Appellant did not object to the court's questions and thereby waived any error. *City of Fort Worth v. Beaupre,* 617 S.W.2d 828 (Tex. Civ.App.—Fort Worth 1981, writ ref'd n.r. e.). However, because the court stated that the evidence it elicited was the basis for its decision, and because appellant has challenged the sufficiency of the evidence to support the judgment, we will further note that the evidence of Ducre's parole was not inadmissible. The admission of evidence of wrongdoing is governed by Rule 404 of the Texas Rules of Evidence, which provides that evidence of wrongful acts is inadmissible "to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, [etc.] ..." Tex.R.Evid. 404(b). The evidence in question was not used as a basis for finding that any individual behaved in a fashion consistent with his prior wrongful behavior, but was used to show the context for the alleged agreement. Ducre's criminal history bore on the question of his reliability as a debtor, and there was a reasonable proximity between the time and circumstances of the parole to the formation of the alleged contract. Evidence of his parole was thus relevant to the likelihood of the existence of an agreement between the appellee and appellant. The probative value of the evidence substantially outweighed its negative effect. Tex.R.Evid. 401–403. The evidence was therefore admissible. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.