Opinion issued January 31, 2008 
















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00634-CV

__________


GLENN FLOYD SMITH, Appellant


V.


COUNTY OF GALVESTON, TEXAS AND ABL MANAGEMENT, INC.,
Appellees






On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 05CV1610






MEMORANDUM OPINION

 Appellant, Glenn Floyd Smith, challenges the trial court's summary judgment
rendered in favor of appellees, County of Galveston, Texas ("Galveston") and ABL
Management, Inc. ("ABL"), in Smith's suit against Galveston and ABL for food
poisoning that he allegedly sustained after eating a meal while incarcerated in the
Galveston County jail. In his first issue, Smith contends that the trial court erred in
granting Galveston and ABL summary judgment "based upon no evidence." In his
second and third issues, Smith contends that his trial counsel "breached his fiduciary
duties in representing [him] in a civil action" and that he "present[ed] a basis for
imposing a duty upon his trial counsel when [his] counsel established a duty of care." 
 We affirm. 

Factual and Procedural Background


 Smith filed suit, along with over 100 other inmates incarcerated in the
Galveston County jail, for food poisoning that he allegedly sustained as a result of
Galveston's and ABL's negligence in serving him a meal. Smith alleged that
Galveston and ABL, the food service contractor, were guilty of "negligent and
inappropriate food handling practices." Smith asserted causes of action for strict
liability, "breach of an implied warranty for consumption," and negligence. Smith
sought damages for pain and suffering, mental anguish, physical impairment, medical
expenses, loss of earning capacity, and a "continuing interference with [his] right to
health, safety, and peaceful enjoyment of life." Smith also alleged that Galveston and
ABL violated his Eighth Amendment rights. (1) 

 Galveston filed a plea to the jurisdiction, and both Galveston and ABL filed
summary judgment motions. (2) In its summary judgment motion, ABL asserted that no
evidence supported any of the essential elements of Smith's claims. ABL also argued
that it was entitled to summary judgment because the summary judgment evidence on
file showed that there were no disputed fact issues. ABL cited testimony from Dr.
Mark Guidry, Director of the Galveston County Health District, who opined that the
cause and origin of Smith's illness were unknown and that no medical authority could
determine the cause of the illness. ABL also cited testimony from Cheryl Moffett,
R.N., the health care administrator in charge of the medical clinic at the jail, who
stated that the ailments suffered by Smith and the other inmates were not caused by
food poisoning. 

 In its plea to the jurisdiction and summary judgment motion, Galveston
similarly asserted that there was no evidence to support the essential elements of
Smith's claims and that the evidence affirmatively established that neither it nor ABL
proximately caused Smith's injuries. In accord with ABL's motion, Galveston cited
Moffett's testimony that all samples taken from the inmates shortly after the incident
tested negative for bacteria that would have indicated food-borne illness. Galveston
further cited Guidry's testimony that the test results for the inmates came back
negative for various bacteria associated with food poisoning and that these results
were consistent with the conclusion that there was no instance of food poisoning at
the jail. Guidry opined that viral infections would be consistent with the complaints
reported by the inmates, but concluded that "no medical authority would be capable
of rendering a definitive diagnosis of the cause of the outbreak or illness among the
inmates." Finally, Galveston cited testimony from Michael Henson, Commander of
the Corrections Division of the Galveston County Jail, that no employee of Galveston
had any role in the actual preparation of the food in the jail.

 The trial court, without specifying its reasons, signed an order granting ABL's
and Galveston's summary judgment motions as to all of Smith's claims. (3)

Summary Judgment

 In his first issue, Smith contends that the trial court erred in granting Galveston
and ABL summary judgment "based upon no evidence." Within this issue, Smith
makes several specific sub-contentions, most of which are distinct from the stated
issue, lack any proper citations to legal authority or the record, and are inadequately
briefed. See Tex. R. App. P. 38.1(h). We address each of these sub-contentions
separately. 

 First, Smith contends that the trial court abused its discretion in not compelling
Galveston and ABL "to produce discovery of policies, regulations, and procedures
. . . pertaining to their job descriptions that was essential in establishing negligence,
conscious indifference, strict liability, and breach of warranty of fitness for
consumption." Smith complains that the trial court never ordered Galveston and ABL
"to comply with requests for production or present supplementation" [sic] and that
Galveston and ABL "withheld the production documentation." In support of this sub-contention, Smith relies upon a motion to compel filed by his trial counsel in October
2006, prior to his counsel's filing a motion to withdraw.

 We review a trial court's discovery orders for an abuse of discretion. 
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991). 
Here, for various reasons, we cannot determine whether the trial court abused its
discretion. First, we note that the motion to compel was never ruled upon by the trial
court. See Tex. R. App. P. 33.1. Second, to the extent Smith is arguing that the trial
court abused its discretion in not ruling upon the motion to compel, Smith, in his
appellate briefing, only references the motion to compel in general terms. Smith
asserts that the trial court abused its discretion in denying the motion in its entirety;
he neither identifies any specific requests, nor does he specifically address the
objections asserted in the discovery responses by Galveston or ABL. "A claim of
error on appeal must be argued in the party's brief; it is insufficient simply to refer
the appellate court to the party's trial court arguments." Allen v. United of Omaha
Life Ins. Co., 236 S.W.3d 315, 325 (Tex. App.--Fort Worth 2007, pet. filed). 
Because Smith, in his brief on appeal, does not address his specific requests or the
specific objections posed by Galveston or ABL, we cannot determine whether the
trial court abused its discretion in failing to compel, in only general terms, responses
to Smith's discovery requests. See id. 

 Second, Smith contends that the trial court should have granted him a
continuance before rendering summary judgment. Our review of the record reveals
that Smith's trial counsel had filed motions for continuance in January and February
2007. In these motions, Smith's trial counsel stated, among other things, that he
needed more time to secure deposition testimony for certain witnesses. (4) As Smith
concedes, however, he was granted a continuance in March 2007, after the filing of
these motions. There is no evidence in the record that at the time the trial court
rendered summary judgment in favor of Galveston and ABL, Smith had any pending
requests for a continuance. Accordingly, the trial court could not have abused its
discretion in not granting Smith another continuance. See Tex. R. App. P. 33.1.

 Third, Smith contends that his trial counsel presented deposition testimony that
defeated summary judgment. However, Smith does not specifically identify this
testimony or cite to any other testimony in the record that would defeat the summary
judgment. (5) Because this contention is not supported by citations to supporting legal
authority or the record, it is inadequately briefed. (6) See Tex. R. App. P. 38.1(h). Fourth, Smith further asserts that "the doctrine of respondeat superior was
involved when [ABL,] acting through the facilities of its employer, Galveston
County, Texas, caused Smith's illness . . . through negligence in utilizing unsanitary
food preparation and utensil procedures . . ." However, Smith cites to no evidence
that would establish that ABL acted as an employee of Galveston, and our
independent review of the record reveals no evidence that would support this
assertion. Moreover, this contention is not supported by citations to supporting legal
authority and is inadequately briefed. See id.

 Fifth, Smith contends that Galveston waived its immunity by violating its own
policies and failing and refusing to conduct evaluations on relevant food samples. 
This contention is not supported by citations to supporting legal authority or the
record and is inadequately briefed. See id.

 Sixth, Smith contends that through his "sworn affidavit to interrogatories [and]
offer of proof through circumstantial evidence," he "had identified the offending meal
and described the same food poisoning symptoms that manifested and persisted with
the exact same time frame as other inmates" and that this circumstantial evidence
points "to the fact sought to be established with that degree of certainty as to make
the conclusion reasonably probable." This contention is not supported by citations
to supporting legal authority or the record and is inadequately briefed. See id.

 Seventh, Smith contends that there "was evidence of an Eighth Amendment
violation of deliberate indifference." Smith argues that Galveston and ABL were
involved in a separate food poisoning incident in 2002 and, thus, they "had prior
knowledge of . . . a potential risk of food poisoning to the inmates in the instant case." 
This contention is not supported by citations to supporting legal authority or the
record and is inadequately briefed. See id. Moreover, our independent review of the
record reveals no evidence that would support Smith's claim of an Eighth
Amendment violation.

 We overrule Smith's first issue, including the numerous sub-contentions
asserted within his first issue.

Smith's Claims Against His Trial Counsel

 In his second and third issues, Smith contends that his trial counsel "breached
his fiduciary duties in representing [him] in a civil action" and that he "present[ed]
a basis for imposing a duty upon his trial counsel when [his] counsel established a
duty of care." Within these issues, Smith asserts that his trial counsel "refused to
make any timely disclosures of his filed pleadings" and engaged in self-dealing and
misrepresentation by demanding and accepting a settlement offer and concealing
Smith's recovery. Smith complains that, as a result, he was denied effective
representation and was subjected to cruel and unusual punishment. Smith also asserts
that his trial counsel committed malpractice by failing to compel discovery and to
obtain witnesses and that he "ultimately abandoned" his claims.

 Smith, in his briefing, does not clearly set forth his position as to how his
attempt to assert claims against his trial counsel for the first time on appeal would
impact his claims against Galveston and ABL, which were disposed of by the trial
court's summary judgment. The underlying proceedings concerned solely those
claims brought by Smith against Galveston and ABL. Smith made no claims against
his trial counsel in the underlying proceedings, and the trial court's summary
judgment disposing of Smith's claims does not in any way address any claims brought
by Smith against his trial counsel. Smith is not entitled to assert these new claims on
appeal. See Baxter v. Gardere Wynne Sewell LLP, 182 S.W.3d 460, 465 (Tex.
App.--Dallas 2006, pet. denied) (holding that appellants could not assert claim for
first time on appeal to avoid summary judgment and noting that "[i]ssues a
nonmovant contends avoid summary judgment that are not expressly presented to the
trial court by written answer or other written response to the summary judgment
motion are waived on appeal"); Loera v. Interstate Inv. Corp., 93 S.W.3d 224, 228
(Tex. App.--Houston [14th Dist.] 2002, pet. denied) (noting that DTPA and breach
of fiduciary duty theories were never pleaded, were not issues in trial, were not
subject of request for finding of fact or conclusion of law and that appellants could
not "rewrite their pleadings to allege new causes of action for the first time in a
motion for new trial"); see also Tex. R. App. P. 33.1(a).

 We overrule Smith's second and third issues.







Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. See U.S. Const. amend. VIII.
2. See Tex. R. Civ. P. 166a(c), (i).
3. The record contains a motion to withdraw, filed by Smith's trial counsel, in which
Smith's trial counsel states that Galveston and ABL made a settlement offer in the
underlying litigation, the offer was fair and reasonable, and, after Smith refused to
accept the settlement offer, he and Smith developed a contentious relationship. Thus,
Smith's trial counsel sought to withdraw from representation of Smith. Although the
record does not contain an order granting the motion to withdraw, the parties, in the
notice of appeal and briefing, suggest that Smith's trial counsel actually withdrew. 
Smith is the only party appealing the trial court's summary judgment in this appeal,
and he is proceeding pro se. We note that parties who represent themselves pro se
must comply with all applicable laws and rules of procedure and are held to the same
standards as are licensed attorneys. See Mansfield State Bank v. Cohn, 573 S.W.2d
181, 184-85 (Tex. 1978); Kanow v. Brownshadel, 691 S.W.2d 804, 806 (Tex.
App.--Houston [1st Dist.] 1985, no writ).


4. Smith's trial counsel identified, among others, the following: Francisco Hernandez
and Maria Maldonando, line cooks for ABL, to provide testimony regarding the
operation of the kitchen on the day "the offending unwholesome meal was served";
Robin Bartholomew, a registered nurse for Correctional Medical Services, to provide
testimony regarding the delivery of health care services following the complaints; and
Mike Hensen, jail commander, to provide testimony regarding the jail's standard
operating policies and procedures. 
5. For example, Smith states, without citation to any record evidence, that "[i]n response
to the defendants' motion for summary judgment, [Smith's] trial lawyer . . . presented
deposition testimony by Cheryl Moffett, which defeated the motion" and that "there
was evidence of a negligent use of tangible property by an employee of Galveston
County, Texas which caused an injury to appellant." 
6. Moreover, we note that Smith, in his first issue, states that he is challenging the trial
court's granting of Galveston's and ABL's summary judgment motions on no-evidence grounds. However, both Galveston and ABL asserted both that no evidence
supported Smith's claims and that they were entitled to summary judgment as a matter
of law. See Tex. R. Civ. P. 166a(c), (i). The summary judgment evidence cited by
Galveston and ABL, which showed that Smith did not suffer food poisoning and that
Galveston and ABL could not have caused his injuries, was undisputed in the trial
court. The trial court's order granting summary judgment in favor of Galveston and
ABL was not limited to no-evidence grounds. Rather, the order could have been
based upon the summary judgment evidence that established that Galveston and ABL
did not cause Smith's injuries. When, as in this case, a summary judgment does not
specify the grounds on which the trial court granted it, the reviewing court will affirm
the judgment if any theory included in the motion is meritorious. Harwell v. State
Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Furthermore, when, as
in this case, a summary judgment does not specify the grounds on which it was
granted, the appealing party must demonstrate on appeal that none of the proposed
grounds is sufficient to support the judgment. Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995); Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d
894, 898 (Tex. App.--Houston [1st Dist.] 2002, no pet.). If summary judgment may
have been rendered, properly or improperly, on a ground not challenged on appeal,
the judgment must be affirmed. Ellis, 68 S.W.3d at 898. To the extent that Smith is
challenging the granting of summary judgment solely on the basis of no-evidence
grounds, we must affirm the summary judgment on the basis that Smith did not
address the alternative summary judgment grounds. See id.