Opinion issued
June 23, 2011

 



 

 

 

 

 

 

 

 

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00777-CV

____________

RALPH O. DOUGLAS, Appellant

 

V.

 

ALLETTE B. WILLIAMS, Appellee

 

 

On Appeal from the 189th
District Court

Harris County, Texas

Trial Court Cause No. 2002-15440

 

 



MEMORANDUM OPINION

          Appellant,
Ralph O. Douglas, who appears pro se,[1]
challenges the trial court’s rendition of summary judgment in favor of appellee, Allette B. Williams, in
Douglas’s suit against Williams for fraud. 
In five issues, Douglas contends that the trial court erred in granting Williams’s no-evidence summary-judgment motion and not
ruling on his summary-judgment motion, motion for sanctions, and motion to
compel discovery.

We affirm.       

Background

          In
his petition, Douglas[2]
alleged that in February 2000, he retained Williams, an attorney, to represent
him in a criminal matter and he paid her a $5,000 retainer.  However, he subsequently retained another
attorney and requested a refund of this retainer, but Williams refunded only
$4,250 of the retainer pursuant to an agreement with his family.  Douglas asserted that Williams withheld a
portion of his retainer through “fraud” and coercion and she breached her
fiduciary duty using “fraud and deception.”

Williams denied Douglas’s
allegations and subsequently filed a no-evidence summary-judgment motion,
asserting that there was no evidence to support Douglas’s claims.  The trial court granted Williams’s
no-evidence summary-judgment motion.  

No-Evidence Summary Judgment

          In
his five issues, Douglas generally complains that the trial court erred in
granting Williams’s no-evidence summary-judgment
motion, refusing to rule on a variety of his motions, and abusing its
discretion in “refus[ing] to
deem the requests admitted.” 

To prevail on a no-evidence
summary-judgment motion, a movant must allege that
there is no evidence of an essential element of the adverse party’s cause of
action or affirmative defense.  Tex. R. Civ. P. 166a(i); Fort Worth
Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004).  We review a no-evidence summary judgment under
the same legal-sufficiency standard used to review a directed verdict.  Gen. Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832-33
(Tex. App.—Dallas 2000, no pet.).  Although the nonmoving party is not required
to marshal its proof, it must present evidence that raises a genuine issue of
material fact on each of the challenged elements.  Tex. R.
Civ. P. 166a(i); see Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004). A no-evidence summary-judgment motion may not be
granted if the nonmovant brings forth more than a
scintilla of evidence to raise a genuine issue of material fact on the
challenged elements. See Ridgway, 135 S.W.3d at 600.  More
than a scintilla of evidence exists when the evidence “rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions.”
 Merrell
Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  When reviewing a no-evidence summary-judgment
motion, we assume that all evidence favorable to the nonmovant
is true and indulge every reasonable inference and resolve all doubts in favor
of the nonmovant.  Spradlin v. State, 100 S.W.3d 372, 377 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).

In his response to Williams’s no-evidence summary-judgment motion, Douglas asserted
that Williams had failed to respond to his requests for admission, her answers
to these requests were deemed admitted, and these answers created “fact
issue[s]” that precluded summary judgment. 
However, in his response, Douglas did not set forth the substance of the
requests.  He also did not attach these
requests to his summary-judgment response. 
Our review reveals that these requests for admission are not contained
in the record.  Rather than actually
including these requests in the record, Douglas attached only a copy of a
letter from Williams to Douglas acknowledging that she had received a “discovery
request.”  Williams’s
letter did not refer to any specific requests for admission, and it did not
even indicate that Douglas had served requests for admission upon
Williams.  In sum, Douglas failed to
present any evidence that he had actually served any requests for admission
upon Williams.  There is no support for Douglas’s
argument that the trial court erred in refusing to deem any matters admitted.

Douglas presented no other evidence
in support of his claims.  Accordingly,
we hold that the trial court did not err in granting Williams’s
no-evidence summary-judgment motion.  Tex. R. Civ. P. 166a(i).  To the extent
Douglas sought to present any other issues to this Court for review, he has
inadequately briefed those issues.  See Tex.
R. App. P. 38.1(i).

We overrule Douglas’s issues.

Conclusion

          We affirm
the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.











[1]           We note that parties who appear pro se must comply with all
applicable laws and rules of procedure and are held to the same standards as
are licensed attorneys.  See Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 184 (Tex. 1978); Kanow v. Brownshadel, 691 S.W.2d 804, 806
(Tex. App.—Houston [1st Dist.] 1985, no writ). 





[2]           Our Court
has recently affirmed a trial court order declaring Douglas a vexatious
litigant under chapter 11 of the Texas Civil Practice and Remedies Code.  In re
Douglas, 333 S.W.3d 273 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); see also Tex. Civ. Prac. & Rem. Code Ann. §
11.101– 11.056 (defining vexatious litigants as persons who abuse the legal
system by filing numerous, frivolous lawsuits). 
Our sister court has recently catalogued the long history of cases that
Douglas has pursued in both the First and Fourteenth Courts of Appeals.  See Douglas
v. Porter, No. 14–10–00055–CV, 2011 WL 1601292, at *1 n.1 (Tex. App.—Houston
[14th Dist.] Apr. 26, 2011, no pet.) (mem. op.).