**Opinion issued August 9, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00958-CV

———————————

**CAROLYN R. MILTON, Appellant**

**V.**

**VINH T. NGUYEN, D.D.S., Appellee**

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 11-DCV-190553

## MEMORANDUM OPINION

Appellant Carolyn R. Milton appeals from the trial court's dismissal of her health-care liability claim against appellee, Vinh T. Nguyen, D.D.S. Because she failed to file the statutorily required expert report, we affirm.

In January 2011, Milton filed her original petition alleging that Nguyen was negligent in the provision of dental care. She did not timely serve an expert report, and the trial court dismissed her case on Nguyen's motion. Milton appealed. Her initial brief had no citations to the record to support her statement of facts. Her redrawn brief includes citations to the record, and it is largely a recapitulation of factual allegations that were included in her original petition. Parties who appear pro se must comply with all applicable laws and rules of procedure and are held to the same standards as are licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ).

Liberally construing Milton's brief, *see* TEX. R. APP. P. 38.9, she has raised issues concerning the trial court's ruling granting Nyugen's motion to dismiss, the trial court's failure to grant a 30-day extension to file an expert report, and challenges pertaining to Nguyen's identity and common name. To the extent that Milton may have intended to advance other arguments, they are incomprehensible or inadequately briefed, and accordingly they are overruled. *See* TEX. R. APP. P. 38.1(i).

## I.      Filing of expert report

We review a trial court's decision on a motion to dismiss pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code for abuse of discretion.

*Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). Not later than the 120th day after the date the original petition was filed, a plaintiff asserting a health care liability claim must serve the defendant or his attorney with an expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011). The required "expert report" is defined as:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id.* § 74.351(r)(6); *see also Palacios*, 46 S.W.3d at 879 (explaining that expert report must inform defendant of conduct that plaintiff has called into question and provide basis for trial court to conclude that claims have merit).

Milton did not file an expert report within 120 days after her original petition was filed. In October 2011, Nguyen filed a motion to dismiss. In response to the motion to dismiss, Milton argued that she filed an expert report in a timely manner and that Nguyen's attorney acknowledged receiving the "reports" from his insurance carrier "as part of required discovery." However, the documents that Milton identified as expert reports were dental records from her oral surgeon. Milton's dental records reflect the oral surgeon's contemporaneous observations,

3

assessment, and recommendations. But they do not satisfy the requirements of Chapter 74 because they do not provide a summary of the applicable standard of care, the manner in which Nguyen failed to meet that standard, and the causal relationship between that failure and Milton's damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6); *Maxwell v. Siefert*, 237 S.W.3d 423, 427 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

When a claimant fails to serve an expert report within the required timeframe, the trial court must grant the health care provider's motion to dismiss and award reasonable attorney's fees and costs of court to the health care provider. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Garcia v. Gomez*, 319 S.W.3d 638, 640 (Tex. 2010); *see also Solomon-Williams v. Desai*, No. 01-08-00733-CV, 2009 WL 1813135, at *3 (Tex. App.—Houston [1st Dist.] June 25, 2009, pet. denied) ("[D]ismissal of a suit for failure to file an adequate expert report does not violate due process guarantees, even if the plaintiff does not receive notice of the report's noncompliance before the motion to dismiss"). Milton failed to timely file an expert report, and the trial court granted Nguyen's motion to dismiss and awarded attorney's fees and costs of court. The trial court did not abuse its discretion by doing so.

4

## II. Denial of 30-day extension

Although Chapter 74 authorizes a court to grant a 30-day extension to the 120-day deadline for filing an expert report, this extension is available only to allow a claimant to cure deficiencies in a report that has been served. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c); *Leland v. Brandal*, 257 S.W.3d 204, 207 (Tex. 2008) (holding that statute permits 30-day extension when court of appeals finds deficient a report that trial court considered adequate); *Ogletree v. Matthews*, 262 S.W.3d 316, 320–21 (Tex. 2007) (holding that statute gives courts discretion to grant 30-day extension to cure, if possible, deficient reports). The 30-day extension is not applicable when no report has ever been filed. *See Ogletree*, 262 S.W.3d at 320 & n.2 ("In this important respect, a deficient report differs from an absent report."); *Quan Tien v. Alappatt*, No. 01-10-00072-CV, 2010 WL 4056850, at *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, pet. denied) (mem. op.). Because Milton filed no report, the trial court had no discretion to grant a 30-day extension. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c); *Ogletree*, 262 S.W.3d at 320; *Quan Tien*, 2010 WL 4056850, at *3.

## III. Use of common name

Finally, Milton makes arguments throughout her brief pertaining to Nguyen's use of a common name in his dental practice ("Danny Nguyen") and the impact that has on this litigation. Milton relies on a provision of the Texas

Business and Commerce Code that was repealed more than a year before she filed suit. *See* Act of May 23, 1977, 65th Leg., R.S., ch. 403, § 1, sec. 36.25, 1977 Tex. Gen. Laws 1095, 1100–01, *repealed by* Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 2.47(a)(1), 2007 Tex. Gen. Laws 1905, 2082. Because the statute was repealed before Milton filed suit, it has no effect on this litigation. Moreover, Rule 28 of the Texas Rules of Civil Procedure provides that an individual doing business under an assumed name may sue or be sued in his assumed or common name. TEX. R. CIV. P. 28. A court may order that the true name be substituted. *Id.* To the extent that Milton's issues regarding Nguyen's use of a common name are adequately briefed, they are waived because Milton did not obtain a ruling from the trial court regarding her contentions about Nguyen's use of a common name. *See* TEX. R. APP. P. 33.1(a).

## Conclusion

Milton was required to timely file an expert report in accordance with the statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. She did not. The court dismissed her case and ordered her to pay attorney's fees. *See id.* We hold that the trial court did not abuse its discretion, and we overrule all of Milton's issues.

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Brown.