**Opinion issued October 2, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00932-CV

————————————

**BEVERLY SCOTT, Appellant**

**V.**

**SOZOS PAPASOZOMENOS, MEMORIAL HERMANN HOSPITAL,
CRAIG CORDOLA, MAINLAND MEDICAL CENTER,
HOUSTON FUNERAL DIRECTORS AGENT, INC.
D/B/A KIRK MORTUARY SERVICE OF HOUSTON,
RAMESH PATEL, AND KIRIT PATEL D/B/A SUPER 8 MOTEL, Appellees**

---

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2012-33615A**

---

## MEMORANDUM OPINION

This appeal arises from a suit by appellant Beverly Scott to recover damages

from multiple defendants for allegedly negligent acts related to the death of her

mother, Eula Mae Scott. The appellees each successfully moved for summary judgment on the claims. On appeal, Scott complains that the trial court should not have granted appellees' motions for summary judgment. Finding no error, we affirm.

## Background

Eula Mae Scott was staying at a Super 8 motel when she became ill. After receiving medical treatment at Mainland Medical Center, she was transferred to Memorial Hermann Hospital, where she passed away on January 15, 2009. Dr. Sozos Papasozomenos performed an autopsy and his report was completed on February 27, 2009. Houston Funeral Directors Agent, Inc. d/b/a Kirk Mortuary Service of Houston was engaged to receive and embalm Eula Mae's remains. Kirk Mortuary received the remains from Memorial Hermann.

Beverly Scott and her family members sued the motel (appellees Ramesh Patel and Kirit Patel d/b/a Super 8 Motel, collectively "Super 8"), alleging that the motel negligently caused or contributed to Eula Mae's death. Super 8 moved for summary judgment on no-evidence grounds, which the trial court granted.

On June 8, 2012, the Scotts filed a second lawsuit against Super 8, this time joining as defendants Dr. Papasozomenos, Memorial Hermann, Craig Cordola (chief operating officer of the hospital), Mainland Medical Center, Kirk Mortuary, and others. Their amended petition alleged that Dr. Papasozomenos, the hospital,

2

and Cordola failed to amend Eula Mae's death certificate to reflect the autopsy's evidence of carbon monoxide poisoning and failed to inform certain entities of the poisoning. The petition also alleged, among other things, that Mainland Medical Center did not provide proper treatment to Eula Mae, and that Kirk Mortuary failed to comply with the family's requests regarding her remains.

Super 8 moved for summary judgment, arguing that the matter had been previously litigated and that the statute of limitations had expired. Dr. Papasozomenos, Memorial Hermann, Cordola, and Mainland Medical Center each moved for summary judgment based on limitations. Kirk Mortuary also moved for summary judgment based on limitations, but it further argued that it was statutorily shielded from liability and that the Scotts offered no evidence to prove the necessary special relationship between the parties. The trial court awarded summary judgment to each of these defendants without specifying the grounds on which summary judgment was rendered.

After the orders awarding summary judgment, the trial court granted a motion severing the family's claims against the aforementioned appellees into cause number 2012-33615A,[*] thereby rendering final the judgments entered in favor of the appellees. Only Beverly Scott filed a notice of appeal.

---

[*] The notice of appeal names another of the defendants sued in the trial court, Dr. Robin Armstrong. The appellate record contains no final judgment against Dr. Armstrong, he is not included among the defendants severed into

**Analysis**

Litigants appearing on their own behalf must comply with all applicable laws and rules of procedure, and they are held to the same standards as licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ). A pro se litigant must properly present her case on appeal, and we may not make allowances or apply different standards for litigants appearing without the advice of counsel. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Rules of Appellate Procedure require appellate briefs to contain clear and concise arguments with appropriate citations to the record and supporting authorities. Tex. R. App. P. 38.1(i). As always, however, we construe briefs liberally; substantial compliance with the rules is sufficient. *See* Tex. R. App. P. 38.9.

In her appellate brief, Scott reiterates the factual allegations contained in her filings with the trial court. She does not present any argument that the case should not have been dismissed pursuant to the applicable statute of limitations. She does

cause number 2012-33615A, and no appellate argument has been made relating to him. Accordingly, we do not consider him to be a party to this appeal. To the extent Dr. Armstrong was an intended appellee, we dismiss any appeal relating to him for want of jurisdiction.

not challenge Super 8's and Kirk Mortuary's additional grounds for summary judgment. Nor does her brief comport with the requirements of Rule 38.1, which requires an appellant to state the issues presented and make a clear and concise argument for her contentions with appropriate citations to legal authorities and the record. *See* TEX. R. APP. P. 38.1(f) & (i).

Furthermore, Scott's brief contains no citations to the record and references only one Texas case, *Dougherty v. Gifford*, 826 S.W.2d 668 (Tex. App.—Texarkana 1992, no writ), without any substantive analysis. Construed liberally, Scott's citation to *Dougherty* could indicate a reliance on the doctrine of fraudulent concealment to argue that the statute of limitations had not expired.

Nevertheless, when there are multiple grounds for summary judgment and the order does not specify which was relied upon to render the summary judgment, the appellant must negate all grounds on appeal. *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Id.* at 898 (citing *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied)). The summary judgments awarded to Super 8 and Kirk Mortuary may have been rendered, properly or improperly, on the unchallenged grounds presented by the

5

parties. Therefore, we must affirm the trial court's judgments in favor of Super 8 and Kirk Mortuary.

The remaining appellees—Dr. Papasozomenos, Memorial Hermann, Cordola, and Mainland Medical Center—only moved for summary judgment on limitations grounds. To avoid summary judgment on limitations grounds by relying on the doctrine of fraudulent concealment, Scott must have raised a fact issue to support her fraudulent-concealment assertion. *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001). The plaintiff must show that the defendant actually knew a wrong occurred, had a fixed purpose to conceal the wrong, and did conceal the wrong. *Id*. Fraudulent concealment will not bar limitations when the plaintiff discovers the wrong or could have discovered it through reasonable diligence. *Id*.

Scott's summary judgment responses did not present any evidence to show that the remaining appellees knew a wrong occurred, had a fixed purpose to conceal the wrong, and concealed the wrong from Scott. Therefore, Scott did not raise a fact issue to avoid summary judgment on limitations grounds. We affirm the trial court's judgments in favor of Dr. Papasozomenos, Memorial Hermann, Cordola, and Mainland Medical Center.

## Conclusion

The trial court's judgment is affirmed.


                                        Michael Massengale
                                        Justice

Panel consists of Justices Massengale, Brown, and Huddle.