**Opinion issued January 14, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-01011-CV

————————————

### EDUARDO NONOALSI BRAVO, Appellant

### V.

### PARKHOLLOW PLACE PROPERTY OWNERS ASSOCIATION, Appellee

On Appeal from the 55th District Court
Harris County, Texas
Trial Court Case No. 2017-51356

## MEMORANDUM OPINION

Appellant, Eduardo Nonoalsi Bravo, proceeding pro se, filed a notice of appeal of the trial court's August 14, 2018 final judgment. On April 11, 2019, this Court issued a memorandum opinion and judgment dismissing appellant's appeal for want of prosecution for failure to pay the fee for the clerk's record. *See* TEX. R.

APP. P. 37.3(b), 42.3(b). On April 17, 2019, appellant filed a motion for rehearing, attaching evidence showing that he paid the fee for the clerk's record. The clerk's record was later filed with the Clerk of this Court. Accordingly, on May 14, 2019, this Court withdrew its April 11, 2019 memorandum opinion and judgment, and reinstated the appeal on its active docket.

On July 11, 2019, appellant filed a thirty-two-page pro se "letter brief" with this Court. On July 16, 2019, the Court notified appellant that his "letter brief" did not comply with Texas Rule of Appellate Procedure 38.1, struck appellant's "letter brief," and ordered appellant to file a compliant brief, within thirty days of the date of the Court's order, on or before August 15, 2019. *See* TEX. R. APP. P. 9.4(i)(2), 38.1; *see also Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (noting Texas Rules of Appellate Procedure have specific requirements for briefing). On August 14, 2019, appellant filed a motion to extend time to file his compliant brief. *See* TEX. R. APP. P. 10.5(b). Appellant's motion was granted, extending the deadline to file his compliant brief to September 16, 2019. No brief was filed by the extended deadline.

On August 4, 2020, the Court notified appellant that his appeal was subject to dismissal if he did not file his compliant brief or a motion to extend time to file a brief within ten days of the Court's notice. *See* TEX. R. APP. P. 38.8(a) (governing

2

failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with order of this Court). On September 2, 2020, appellant filed a second motion to extend time to file his compliant brief. *See* TEX. R. APP. P. 10.5(b). The Court granted appellant's second motion, extending the deadline to file appellant's compliant brief to October 12, 2020.

On October 14, 2020, approximately fourteen months after his compliant brief was due, appellant filed a third motion to extend time to file his brief. *See id.* The Court granted appellant's third motion, extending the deadline to file his compliant brief to November 30, 2020. In our order granting appellant's third motion, the Court notified appellant that "[n]o further extensions w[ould] be considered and the failure to file a brief by the extended deadline w[ould] result in the dismissal of [appellant's] appeal for want of prosecution."

Appellant did not file a compliant brief by the extended deadline. Instead, on December 3, 2020, appellant filed a fourth motion to extend time to file his brief. *See id.* On December 15, 2020, the Court denied appellant's fourth motion and ordered appellant to file his compliant brief within fifteen days, by December 30, 2020. The Court further notified appellant that failure to file a compliant brief would result in the dismissal of his appeal. Appellant has not adequately responded.

Although we construe appellate briefing rules liberally, a party proceeding pro se must comply with all applicable procedural rules. *See* TEX. R. APP. P. 38.9; *Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 692 n.7 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ) ("[A] pro se litigant is held to the same standard as a licensed attorney."). And when an appellant fails to timely file a brief, we may dismiss his appeal for want of prosecution. *See* TEX. R. APP. P. 38.3(a)(1); *Tyurin*, 2017 WL 4682191, at *2 (dismissing pro se appellant's appeal for failure to file a compliant brief).

Accordingly, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c); 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Guerra.